# BROWN v. BROWN.

1. DIVORCE: *Indignities, charge of must be specific.*
    The indignities assigned as cause for divorce must be specified in the complaint, that the court may see whether they be such as to render plaintiff's condition intolerable, or sufficient for a divorce; but uncertainty in the charge can be availed of only by motion to make the charge more specific—not by demurrer.

2. HABITUAL DRUNKENNESS: *Charge of in pleading.*
    The charge in a bill for divorce "that the defendant has been addicted to habitual drunkenness for the space of one year," is sufficiently specific.

3. DIVORCE: *Evidence of parties.*
    The evidence of the parties in a suit for divorce is admissible, but will not sustain a decree unless corroborated.

4. INDIGNITIES: *During intoxication only, not sufficient.*
    Ill treatment by a husband, during spells of intoxication only, and proceeding from it, without evidence of a fixed purpose to treat her amiss, or that he no longer entertained affection for her, does not constitute the indignities which justify a divorce.

5. HABITUAL DRUNKENNESS: *What constitutes.*
    Habitual drunkenness is not exactly definable; but it may be said that one is addicted to habitual drunkenness who has a fixed habit of frequently getting drunk; and he may be so addicted, though not oftener drunk than sober, and though sober for weeks.

6. ALIMONY: *What it is.*
    The court should not decree absolutely a certain and specific sum of money as alimony. Alimony is not a sum of money, nor a specific proportion of the husband's estate given absolutely to the wife, but is a continuous allottment of sums, payable at regular intervals, for her support from year to year, and continuous only during the joint lives of the parties, or in case of divorce from the bonds of matrimony, until the wife marries again, and should be a reasonable and certain sum, having in regard her state and condition in life, and the estate and income of her husband, and be payable at stated and proper times.

APPEAL from *Sharp* Circuit Court in Chancery.
Hon. R. H. POWELL, Circuit Judge.

## STATEMENT.

Ida Brown filed in the Sharp county Circuit Court, at the August term, 1880, her complaint in equity against her husband, James Brown, for divorce, alleging as causes therefor, that "for a period of more than one year last past he had commenced and pursued a course of unkind, harsh and tyrannical treatment towards her; that he treated her with uniform unkindness and great harshness, which continued with little intermission until their separation. That he frequently used opprobrious epithets and language towards her, and for years had been in the habit of offering such personal indignities towards her as rendered her condition intolerable. That in consequence of his cruel and barbarous treatment, and unfeeling and insulting conduct towards her, and the miserable life she led, she was compelled to leave his house and seek the residence of her father for a home."

2. "That he has been addicted to habuitual drunkenness for the space of one year, by reason of which she believes her life in danger," and that the causes for divorce occurred within five years last past, and in the State of Arkansas; and "she has been residing in said county of Sharp for more than one year next before filing her complaint."

She then set out the character and amount of his estate, specifying articles of personal property received by him from her, and prayed for divorce and alimony.

The defendant answered, denying the alleged causes for divorce.

Upon the hearing the defendant objected to reading

plaintiff's deposition as evidence. The objection was overruled.

The court found the value of the defendant's estate to be the sum of $900, and rendered a final decree for divorce and for $300 alimony, to be paid in annual installments of $100 each. The defendant appealed.

The character of the evidence, which was very voluminous, is sufficiently stated in the opinion.

*W. M. Davidson*, for appellant:

1. The drunkenness must not only be habitual for one year, but, under the marital state, intolerable. *Rose* v. *Rose*, 9 *Ark.*, 509.

2. Plaintiff failed to allege and prove, in addition to the cause of divorce, the first, second and third subdivisions and causes under *sec.* 2201 *Gantt's Dig.*

3. The testimony of witnesses that defendant was a habitual drunkard, was a statement of a *conclusion of law*, of which the court alone is the judge. *Horne* v. *Horne*, 1 *Tenn. Ch'y.*, 259–60.

4. The Chancellor erred in overruling defendant's demurrer, and permitting plaintiff to amend her complaint; it changed, substantially, the defense, and did not conform to the facts proven. *Sec.* 4616 *Gantt's Dig.*

5. Husband and wife are not competent witnesses for or against each other. 33 *Ark.*, 816, *L. R. & F. S. R. R.* v. *Payne*; *Collins* v. *Mack*, 31 *Ark.*, 684.

6. The court erred in decreeing a certain and specific sum of money as alimony.

*J. S. Abernathy*, for appellee:

The evidence supports the decree, and the case of *Rose* v. *Rose*, 9 *Ark.*, is decisive of the case.

HARRISON, J. The plaintiff, in her complaint, charged the defendant with habitual drunkenness for one year before the commencement of this suit, and with having offered to her person such indignities as render her condition intolerable. She also charged him with cruel and barbarous treatment, but no particular acts of cruelty or barbarity were stated, nor was it alleged to have been such as to endanger her life, and no proof of cruel or barbarous treatment was offered.

The indignities of which she complained should have been specifically set out, that it might have been seen whether they were such as to render her condition intolerable as alleged, or a sufficient cause for the divorce she sought. *Bowers* v. *Bowers*, 19 *Mo.*, 351; *Rie* v. *Rie*, 34 *Ark.*, 37; *Horne* v. *Horne*, 1 *Tenn.*, *Ch.*, 259; 2 *Bish.* on *Mar. and Div.*, sec. 684. The objection, however, could only have been taken by a motion to require the charge to be made more definite and specific, and was not a ground of demurrer.

*1. DIVORCE: Indignities: Charge of must be specific.*

The charge of habitual drunkenness was in the terms of the Statute, and as specific as it could well be made. 2 *Bish.* on *Mar. and Div.*, sec. 684, *b*.

*2. DRUNKENNESS: Charge of.*

It is now the practice in this State, as we said in the case of *Rie* v. *Rie*, *supra*, to admit the depositons of the parties in suits for divorce, though the divorce will not be granted upon a party's uncorroborated testimony; the plaintiff's deposition was, therefore, properly admitted. 1 *Whart. on Evidence*, sec. 432.

*3. Testimony of the parties admissible, but insufficient for decree.*

The finding of the court that the defendant had offered to the person of the plaintiff indignities that rendered her condition intolerable, was not sustained by the evidence. His ill treatment of her appears to have been only during his spells of inebriation and to have proceeded from it, and there was no evidence of a fixed purpose on his part to treat

*4. Indignities from drunkenness only; insufficient.*

Brown v. Brown.

her amiss, or that he no longer entertained affection for her. Besides, the testimony of the plaintiff as to this charge was uncorroborated.

5. HABIT-
UAL DRU-
NKENNESS
What
constitu-
tes.
Habitual drunkenness, or the degree, or course of intemperance that amounts to it, cannot be exactly defined. We may, however, say in general terms, that one is addicted to habitual drunkenness who has a fixed habit of frequently getting drunk, and he may be so addicted though he may not oftener be drunk than sober, and may be sober for weeks. 2 *Bish. on Mar. and Div.*, sec. 813 ; *State* v. *Pratt*, 34 *Verm.*, 323 ; *Ludwick* v. *The Commonwealth*, 18 *Penn.*, *St.*, 172 ; *Commonwealth* v. *Whitney*, 5 *Gray*, 85.

The plaintiff, in her testimony in regard to the defendant's habitual drunkenness and for the time alleged, was corroborated by other witnesses, and that charge in her complaint and cause for the divorce was clearly established.

But the court erred in decreeing to the plaintiff, absolutely, a certain and specific sum of money as alimony.

6. Alimo-
ny.
"Alimony is not a sum of money, nor a specific proportion of the husband's estate, given absolutely to the wife, but it is a continuous allotment of sums payable at regular intervals for her support from year to year." *Bouv. Law Dict.* ; 2 *Bish. on Mar. and Div.*, sec. 427. And it continues only during the joint lives of the parties, or when there is a divorce from the bonds of matrimony until the the wife marries again.

The decree as to the divorce is affirmed; but so much thereof as relates to the matter of alimony is reversed, and the cause is remanded with the instruction to the court below to order and direct that the plaintiff be paid as alimony by the defendant, a reasonable and certain sum of money, having regard to her state and condition in life and the estate and income of the defendant, at stated and proper times.