MARY A. REYNOLDS v. ANSEL E. REYNOLDS.

*Divorce—Alimony.*

The decree of divorce in favor of defendant is not reversed, but
the case is remanded, with directions that opportunity be
afforded each party to adduce proofs relating to the value of
defendant's property, and of that of complainant, if any, and
that she be allowed alimony and expenses, to be fixed by the
lower court.

Appeal from Cass. (O'Hara, J.) Argued April 8 and
12, 1892. Decided June 10, 1892.

Bill for divorce. Complainant appeals. Decree affirmed,
but case remanded, with directions to take proofs as to
the value of complainant's and defendant's property,
and that complainant be allowed alimony and expenses.
The facts are stated in the opinion.

*Howell, Carr & Sweet,* for complainant.

*L. A. Tabor* and *S. Tryon,* for defendant.

MONTGOMERY, J. The complainant filed her bill of
complaint, praying for a divorce from defendant, alleging
extreme cruelty, and setting out in detail the conduct
and language which are alleged to constitute such acts
of cruelty as entitle her to relief. The defendant
answered, denying the charges of cruelty in the main,
and alleging desertion on the part of complainant, and
also making counter-charges, unnecessary to be set forth
at length. The defendant by his answer prayed the same·
relief that he would be entitled to on a cross-bill under
the rule. The circuit judge refused complainant any
relief upon her bill, and granted an absolute divorce. on

defendant's answer, and allowed no alimony or suit money.

The testimony is quite conflicting, and is of a character which it would not be profitable to attempt to review at length in this opinion. The circuit judge was of opinion that the complainant's testimony was not sufficiently convincing to authorize a decree, and also that complainant was not justified by the defendant's conduct in leaving his home. While an examination of the record convinces us that the complainant had much to endure, and that she did endure much, at the hands of defendant, yet, in view of. the fact that the circuit judge had superior opportunities of judging of the credibility of the witnesses who testified, we are not disposed to reverse his holding, in so far as he finds that the grievances of complainant were not sufficient to justify her desertion of the defendant. The entire circumstances, however, should be and doubtless will be taken into account when passing upon the subject of allowance by way of alimony and expenses.

We do not feel authorized to disturb the decree of divorce granted to the defendant on the ground of desertion, but we cannot understand why, in any view of the case, the court should have refused alimony to the complainant. We cannot escape the conclusion that the circuit judge must have been influenced by testimony tending to establish charges of misconduct on complainant's part, which a thorough examination of the record convinces us were not established by a preponderance of the credible testimony. In no possible view of the testimony can it be said that the defendant was at all times exemplary in his conduct. He is a man of substantial means, while the evidence would tend to show that the complainant is destitute. That complainant should be allowed something by way of alimony and expenses

is perfectly apparent. The proofs, however, are not sufficiently full to enable us to determine the proper allowance.

The case will be remanded to the court below, with directions that opportunity be afforded each party to adduce proofs relating to the value of defendant's property, and of complainant's also, if any, and that the amount of alimony and expenses below be fixed by the court.

The complainant will recover the costs of this appeal, and an additional allowance to her solicitors for services in this Court of $70.

Morse, C. J., McGrath and Grant, JJ., concurred. Long, J., did not sit.