LUCY J. ABEL, Appellee, v. A. L. ABEL, Appellant.

Divorce: ADULTERY: EVIDENCE. In an action for divorce on the ground of adultery, proof that the defendant visited houses of prostitution, that on one occasion he retired to a room with one of the inmates of such a house, and that at one time, during the absence of his wife from home, two prostitutes were brought to his house, and remained all night, is sufficient to support a decree for the plaintiff.

*Appeal from Harrison District Court.*—HON. G. W. WAKEFIELD, Judge.

FRIDAY, OCTOBER 13, 1893.

ACTION for divorce. There was a decree for the plaintiff, and the defendant appeals.—*Affirmed.*

*Charles McKenzie* and *S. H. Cochran*, for appellant.

*S. I. King* and *Joe H. Smith*, for appellee.

GRANGER, J.—The grounds upon which the divorce is sought are drunkenness and adultery. Both grounds are fully established by the testimony. It is true that, as to the latter ground, there is no direct testimony showing the act of adultery, but the circumstances leave little room to doubt the fact, even though he denies it by his evidence. He visited houses of prostitution, and there is evidence to the effect that on one occasion he retired to a room with one of the inmates. On one occasion, during the absence of his wife from home, two prostitutes were brought to his

house, and remained all night. He denies having knowledge of their real character, but when his course of life is considered, and the circumstances under which they came to his house, it is difficult to believe that they were there except with knowledge on his part of their character and mission. Under such circumstances, his denial of acts of adultery are of little force. We have no doubt whatever of the fact. The charge of drunkenness is equally well, if not better established. It is not important to consider the facts. The testimony, to our minds, is too plain to admit of doubt.

The parties were married in New York in 1880, and came to Harrison county, Iowa, where they have since resided. At the time of the marriage she was forty-eight years of age and he nineteen. She had about five thousand dollars in money, and with a part of it she bought two hundred acres of land in Harrison county, and the same was improved, and has been the home of the parties most of the time since. It is in dispute in the testimony whether or not there has been a gain or loss of property during the years of their marriage. The defendant has done some work on the farm, but on the whole his course of life, in drinking and gambling, has been such that he has been a detriment, rather than a benefit, in the way of accumulating property. He has, however, received from her considerable property. It is, perhaps, unfortunate that the two should have married, but if so, it is no excuse whatever for the course of life adopted by the defendant. The testimony does not show that she was at all in fault for his conduct, or wanting in the proper discharge of her duties. He has chosen a dissolute and profligate life, and to such an extent as to forfeit his marital relations with the plaintiff.

The petition of the plaintiff asks alimony, which, as we understand, the district court did not allow. Because of some language in the decree, there seems

to be doubt on this point, but the appellee disclaims such a construction, and the decree will be construed as having no such effect. The answer of the defendant asks, in case of a decree of divorce, that a part of the property be granted to him. The district court correctly denied such relief. It is not a case where the party in fault is entitled to alimony. The decree is AFFIRMED.