George W. McDonald v. Sarah G. McDonald, Appellant.

Divorce:   ALIMONY TO LOSING PARTY.   Under Code section 3180, providing that the court, on granting a divorce, may make such order in reference to the property as shall be right, alimony may be decreed to the party against whom the divorce is granted.

REDUCTION ON APPEAL.   A wife, to whom a divorce was granted on her cross bill, owned 200 acres of land, worth $30 per acre which was incumbered for $1,600, and received a net income therefrom of $250 per year.   The accumulation of such property was the results of her own efforts.   The husband received a pension of $360 a year.   The evidence of the treatment of the wife by the husband for which the divorce was ganted was not in the record on appeal from an order allowing alimony to the

husband, and evidence of adultry by the wife could not be considered.   *Held*, that an allowance to the husband of $1,500 was excessive, and would be reduced to $750.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

SATURDAY, MAY 24, 1902.

THE plaintiff sued for a divorce on the ground of the adultry of the defendant.   She filed a cross bill, asking a divorce on the ground of cruel treatment.   She was granted a decree, and the plaintiff's case was dismissed, but he was awarded $1,500, alimony, from which award the defendant appeals.—*Modified* and *affirmed.*

*Giffin & Voris* and *Smith & Smith* for appellant.

*Preston & Moffit* and *Rickel, Crocker & Tourtellot* for appellee.

SHERWIN, J.—The defendant is the owner of 200 acres of land, worth $30 per acre, and incumbered for $1,600. The accumulation of this property is the result of her own work and managment and practically unaided by the plaintiff.   Her net income therefrom is about $250 per year, while the plaintiff receives a pension of $360 per year.   Under our statute the court is given the power to adjust the property rights of parties litigant in divorce cases, and it is not the rule in this state that the party in the wrong can have no alimony under any circumstances.   Code, section 3180; *Barnes v. Barnes,* 59 Iowa, 456.   This rule is recognized also in *Abel v. Abel,* 89 Iowa, 300.   There is some evidence tending to support the charge of adultry on the part of the defendant, but the plaintiff has not appealed from the judgment dismissing his petition, and we are not inclined to investigate this question in determining the correctness of the judgment as to alimony.

The judgment of the court on the question of the wife's adultry, if satisfactory to the plaintiff, should be final and unquestioned in this court. It could hardly have been in the mind of the trial court in fixing the amount of plaintiff's alimony, for, if the evidence was strong enough to make that a controlling factor, the plaintiff was entitled to a divorce. It may be that the court thought the conduct of the defendant had been indiscreet, and that it was to some extent responsible for the plaintiff's conduct towards her. If so, then she would be at least partially to blame for existing conditions. The record before us, however, does not contain the evidence touching the plaintiff's treatment of the defendant upon which the decree below was based, and, as we cannot properly review the evidence as to the adultery charged, we think the court erred in allowing the plaintiff $1,500 alimony. This is one-third of her entire estate, and he the party at fault, so far as the record shows. His own income is $100 a year more than hers, and, while it is shown that he is unable to work, the defendant should not be required to pay so large an amount, and it is reduced to $750. As thus modified, the judgment is affirmed.—MODIFIED and AFFIRMED.