Hon. JNO. H. BURFORD, Chief Justice.
Hon. BAYARD T. HAINER,
Hon. BENJ. F. BURWELL,
Hon. CLINTON F. IRWIN,
Hon. FRANK E. GILLETTE,  } Associate Justices
Hon. J. L. PANCOAST,
Hon. JAMES K. BEAUCHAMP,

---

ADAM W. PAULY v. HATTIE E. PAULY.

(Filed March 4, 1904.)

1. **DIVORCE—Alimony.** In the trial of a divorce case where the court grants the husband a divorce on the ground of adultery, it may also award to the wife a reasonable amount out of the husband's estate, as permanent alimony.

2. **SAME—Evidence.** It is not reversible error to exclude competent evidence tending to establish adultery on the part of the wife. when the court, on the other evidence introduced upon the trial, granted a divorce to the husband on that ground.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*Blake, Blake & Beeks,* for plaintiff in error.

*C. L. Crum,* for defendant in error.

Opinion of the court by

BURWELL, J.: Hattie E. Pauly commenced an action against Adam W. Pauly in the district court of Canadian county for divorce on the ground of extreme cruelty, and for alimony. The defendant filed a cross petition charging the plaintiff with adultery. On the trial the court found that the defendant was without fault, and granted him a divorce on the ground of adultery, and decreed to the plaintiff one thousand dollars as permanent alimony. From this award the defendant appeals, and insists that the court thereby committed prejudicial error.

A careful examination of the entire record has satisfied us that the court did not exceed its authority or abuse its discretion.

The plaintiff and defendant lived together as husband and wife in all some eight or ten years and the defendant had the benefit of her services during that time.

Section 4550 of the Statutes of Oklahoma for 1893 provides:

"If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also such share of her husband's real and personal prop-

erty, or both, as to the court may appear just and reasonable; and she shall be barred of all right in all the remaining lands of which her husband may at any time have been seized."

Under the statute the court had the power to give to the plaintiff the alimony in question, not as a reward for her infidelity, but in order that she might not be left destitute.

It is contended that the court erred in excluding certain letters and depositions offered in evidence, copies of which are included in the record. Even if it was error to exclude this evidence, it is not such an error as will reverse this case. This evidence tended to convict the plaintiff of adultery, and independent of it, the court found against her and granted the defendant a divorce on that ground. The evidence will not justify a reversal. Judgment affirmed.

Irwin, J., who presided in the court below, not sitting; Burford, C. J., absent; all the other Justices concurring.