## LOFVANDER v. LOFVANDER.

1. DIVORCE—ALIMONY—WIFE AT FAULT.
   Under section 8638, 3 Comp. Laws, a wife may be allowed alimony though the divorce is granted to her husband, where the divorce is granted for any cause other than adultery.

2. SAME—SUFFICIENCY OF AWARD.
   Where a wife of the age of 32 left her husband of 48 after 37 days of married life without reasonable cause and notwithstanding his efforts to please her, and within a few days thereafter had a miscarriage, an allowance of $1,000 to her as alimony from his property of $7,000, to which she contributed nothing, is too liberal, and should be reduced to $500 alimony, and $100 solicitor's fees.

Appeal from Delta; Stone, J.    Submitted October 10, 1906.    (Docket No. 36.)    Decided November 13, 1906.

Bill by Anna Steverson Lofvander against Alfred Lofvander for divorce.    Defendant filed an answer in the nature of a cross-bill asking for a divorce.    From a decree awarding alimony, defendant appeals.    Modified.

After a married life of 37 days the complainant left her husband, and soon after filed this bill for a divorce, charging extreme cruelty.    The defendant filed an answer, claiming the benefit of a cross-bill, charging extreme cruelty on the part of the complainant.    All the testimony except that of the complainant and defendant was taken before a commissioner.    The testimony of the parties was taken in open court.    The court found that complainant had failed to substantiate her charge of extreme cruelty, and that the defendant had sustained his charge, and granted him a divorce, but provided that he should pay the complainant $1,000 permanent alimony.    From the decree as to alimony the defendant has appealed.

*A. H. Ryall,* for complainant.

*Yelland & Norblad,* for defendant.

GRANT, J. (*after stating the facts*).    1.    It is urged that when the wife is the guilty party, she is not entitled to alimony.    This is true at the common law.    The statute of Michigan (3 Comp. Laws, § 8638) provides:

" Upon every divorce from the bond of matrimony for any cause except that of adultery committed by the wife, and also upon every divorce from bed and board for any cause, if the estate and effects awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate real and personal, to be paid to her in gross or otherwise, as it shall

deem just and reasonable, having regard to the ability of the husband and the character and situation of the parties, and all the other circumstances of the case."

We cannot agree with counsel in their contention that the statute does not authorize the granting of alimony to the wife when the husband obtains a divorce. The purpose of the statute evidently was to provide for such a decree. Its object was to change the rule of the common law. The decision of *Reynolds* v. *Reynolds*, 92 Mich. 104, is an authoritative declaration of the construction of this statute.

2. It is next contended that the amount granted was excessive. Complainant was a domestic, living in Chicago, and spent her vacations with friends in Escanaba, the home of the defendant. There he became acquainted with her, and that acquaintance continued for seven years before the marriage. She was 32 and he 48 years of age when they were married. He was a baker, lived in rooms over his bake shop, and boarded his employés. She knew where and how he lived, and had visited his home. She brought nothing to the home, and contributed nothing to the property (about $7,000 in value), which the defendant, by his labor, had earned and saved. She at once became discontented and fault-finding, although he complied with her requests for furniture and other things for the house. She left him without cause, and is entitled to but very little consideration. Soon after she left him she had a miscarriage. This entitles her to some pecuniary consideration. We think $500 as permanent alimony, and $100 solicitor's fee is the full extent of the pecuniary consideration to which she is entitled.

The decree will be modified accordingly. No costs of this court will be allowed either party.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.