## ECKER v. ECKER.

No. 896, Ind. T.    Opinion Filed December 21, 1908.

(98 Pac. 918.)

1. **APPEAL AND ERROR—Record—Matters·to be Shown by.** This court will not consider an alleged error of the trial court in refusing to sustain a motion to re-refer a·case to the master for further findings when the record does not affirmatively show that the motion was ever acted upon by the court, and exceptions taken thereto by the complaining party.

2. **DIVORCE—Alimony—Divorce Granted Against Wife.** Under section 2565, Mansf. Dig. Ark. (Ind. T. Ann. St. 1899, sec. 1853), providing that, when a decree of divorce is granted, the court shall make such order touching the alimony of the wife as under the circumstances and nature of the case shall be reasonable, the court may decree alimony to a wife against whom a divorce is granted.

3. **SAME—Award of Specific Property.** The court is without authority under said section to decree absolutely a certain and specific sum of money as alimony, or a division of the husband's property, ·and to vest in . the wife the title to one-half of his estate.

(Syllabus by the Court.)

*Error from the United States Court for the Northern District of Indian Territory; Jos. A. Gill, Judge.*

Divorce by Charles L. Ecker against Della Ecker. Plaintiff had judgment for a divorce and the custody of their minor child, but it was decreed that the property should be divided equally between them, or that defendant have judgment for one-half of its value as found by the master, and from such portion of the judg-

ment plaintiff brought error to the United States Court of Appeals of the Indian Territory, whence the cause was transferred, under the Enabling Act, to the Supreme Court of the state of Oklahoma. Reversed and remanded.

This is a bill by the husband against the wife for divorce and for custody of one child, brought originally in the United States Court for the Northern District of the Indian Territory at Vinita. Plaintiff alleges in his bill, as grounds for divorce, adultery of the wife, and divers acts of cruel treatment of him by her, consisting of threats to kill him, plots to poison him, and of abusive language. Defendant filed her answer and cross-bill, denying all the allegations of plaintiff's petition relative to his grounds for divorce, and charging plaintiff with adultery and various acts of gross and abusive conduct toward her, beginning shortly after their marriage and continuing until the time of their separation. She charges that plaintiff had at different times struck and choked her, cursed and called her vile names. She alleges that plaintiff and defendant own different items of personal property and real estate, all of which has been acquired by their joint labor subsequent to their marriage. She prays for divorce and decree of the court dividing the property between them and for custody of the child. The master, in separate findings, finds that each has offered such indignities toward the person of the other as to render his or her condition intolerable; and finds that they own and possess certain property which they acquired with their joint earnings. Upon the recommendation of the master the court rendered judgment granting to plaintiff a divorce from defendant and custody and care of the minor child, and decreed that the property should be divided equally between them, or that defendant have judgment for one-half of its value as found by the master in his report. Plaintiff in error, who was plaintiff in the court below, appealed from that portion of the judgment of the court awarding to defendant one-half of the property specifically mentioned in the judgment, or have one-half of its value, to the United States Court of Appeals in the Indian

Territory, and the same is now before us under the provisions of the Enabling Act (June 16, 1906, c. 3335, 34 Stat. 267), for final disposition.

*James S. Davenport, William M. Hall,* and *John Goldsberry.* for plaintiff in error.

*H. Jennings, J. B. Rutherford,* and *J. H. Keith,* for defendant in error.

HAYES, J. (after stating the facts as above). The master in his findings did not specifically find upon the issue made by plaintiff in his petition charging defendant with adultery, which was denied in her answer. After the report of the master had been filed, plaintiff moved the court to re-refer the case, with directions, to the master to find upon this issue, and the first alleged error complained of is that the court refused to sustain the motion and re-refer the case. After a careful examination of the record, however, we are unable to find that this motion was ever acted upon by the court, either favorably or adversely to plaintiff, or that he saved his exceptions to the action of the court thereon. If plaintiff permitted the court to proceed to judgment without acting upon his motion, he waived his right to have the same acted upon; and, in the absence of affirmative showing by the record that the same was acted upon adversely to plaintiff, and exceptions taken thereto at the time, this court cannot review the same. *Saxon v. White,* 21 Okla. 194, 95 Pac. 783.

The second assignment of error urged is to that part of the master's report recommending that defendant be awarded, and to that part of the judgment awarding to defendant, one-half of plaintiff's property or one-half of its value. At common law a delinquent wife, on account of whose conduct the husband obtained a divorce, was not entitled to receive alimony, but in a number of the states, including the state of Arkansas, from which state the statutes in force in the Indian Territory were adopted, the common law has been modified by statute. The statute governing in this case reads:

"When a decree shall be entered, the court shall make such order touching the alimony of the wife and care of the children, if there be any, as from the circumstances of the parties and the nature of the case shall be reasonable." (Mansf. Dig. Ark. § 2565 [Ind. T. Ann. St. 1899, § 1853]).

Under the language of this statute, or similar language of the statutes of other states, the courts have held that the authority of the court to make orders touching the alimony of the wife is not limited to those cases in which she prevails, or that whether the guilty wife will be granted alimony and the amount thereof is within the discretionary power of the court, to be controlled by the circumstances of each case. *Reavis v. Reavis,* 1 Scam. (Ill.) 242: *Deenis v. Deenis,* 79 Ill. 74; *Spitler v. Spitler,* 108 Ill. 120; *Edwards v. Edwards,* 84 Ala. 361, 3 South. 896; *McDonald v. McDonald,* 117 Iowa, 307, 90 N. W. 603; *Reynolds v. Reynolds,* 92 Mich. 104, 52 N. W. 295; *Lofvander v. Lofvander,* 146 Mich. 370, 109 N. W. 662; *Pauly v. Pauly,* 14 Okla. 1, 76 Pac. 148; Bishop on Marriage, Divorce and Separation, vol. 2, p. 865; Nelson on Divorce and Separation, vol. 2, p. 907. It is, however, a discretion that a court should at all times exercise with a great care, and it should not be exercised in favor of the guilty wife when there are no mitigating circumstances. In the case at bar the wife is guilty of gross misconduct, but the husband has not been free from fault. The finding of the master is that the conduct of each party toward the other has been such as to render their living together as husband and wife intolerable. There is nothing in the master's report as to whom he finds the more culpable, except that he recommends that the husband be granted a divorce. The evidence is convincing that each has been guilty of cruel treatment of the other and gross immoral conduct, consisting of adultery with different persons. The question whether, upon the evidence in the case and the findings of the master, either party should be granted a divorce is not before us. The part of the judgment granting a divorce has not been appealed from. The sole question is whether, the divorce having been granted to plaintiff, the court should have granted alimony

to defendant.   At the time defendant married plaintiff he had but little property.   During their 15 or 16 years of married life, the husband, principally through the thrift, frugality, and industry of the wife, who labored on the farm, and conducted, at different times, a boarding house, restaurants, and kept books in a grocery store, had accumulated property of the value of about $5,000.   It is not clear from the record that the beginning of defendant's wrong doing was not caused by plaintiff's cruel treatment.   She is now past the meridian of her life, the greater portion of which she has spent in faithfully laboring in the discharge of her domestic duties and in contributing materially to plaintiff's accumulation of his property.   Under these circumstances it is within the discretionary power of the trial court, upon granting to plaintiff a divorce to allow defendant such alimony as under the circumstances is reasonable, just, and right, taking into consideration the amount of plaintiff's property, the extent to which defendant contributed to the accumulation thereof, the ability of each to earn money in the future, and their conduct in the past.   But the court ordered an equal division of the property, or that defendant have judgment for one-half the value of the same.   This was error.

Section 2568, Mansf. Dig. Ark. (Ind. T. Ann. St. 1899, § 1856), authorizes the court upon rendering final judgment for divorce, to restore each party to all property, not disposed of at the commencement of the action, which either party obtained from or through the other or in consideration or by reason of their marriage. But none of plaintiff's property was obtained by him from or through his wife during their marriage or in consideration thereof: All the property he has is property which he had at the time of his marriage, consisting of one farm, on the purchase price of which he had paid the sum of $400, and on which there was a balance due of $800, and of a small amount of personal property, or that he acquired since their marriage with their joint earnings. Whether courts, under statutes the same or similar to the section quoted above, have authority to decree a gross sum for alimony and

maintenance of the wife is a question upon which the courts have divided, but it will serve no useful purpose to review here the two lines of authorities. The Supreme Court of Arkansas, prior to the adoption of this statute in the Indian Territory, had held in *Brown v. Brown,* 38 Ark. 324, that the court is without authority to decree absolutely a certain and specific sum of money, or a certain specific portion of the property, as alimony, but may decree alimony in a continuous allotment of sums, payable at regular intervals. That case is controlling in the case at bar.

The judgment of the trial court is therefore reversed, and the case remanded, for further proceedings in accordance with this opinion.

All the Justices concur.