LEE *et al.* v. LEE.

No. 3817.  Opinion Filed May 13, 1913.

Rehearing Denied June 24, 1913.

(132 Pac. 1070.)

1.  DIVORCE—Res Judicata.  A decree in an action of divorce be-tween the same parties for the ame cause of action precludes a re-examination of the same facts on the same charge in a subsequent case.

2.  SAME—Pleading and Proof—Validity of Decree.  Where the pe-tition states two separate causes of action for divorce, to wit, (1) extreme cruelty and (2) gross neglect of duty, and the court finds that both grounds are sustained by the plaintiff's evidence, although the plea of res adjudicata should be sustained as to the former ground, the finding of the court as to the latter ground is sufficient to sustain the decree awarding the divorce.

3.  SAME—Grounds—Nonsupport—"Gross Neglect of Duty."  A substantial failure of a husband to provide suitably for his wife's support when he is able to do so is gross neglect of duty, entitling the wife to divorce.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Action by Minnie Lee against O. D. Lee and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Warren K. Snyder* and *Jenkins & Jenkins,* for plaintiffs in error.

*Giddings & Giddings,* for defendant in error.

WILLIAMS, J. On June 30, 1911, the defendant in error, Minnie Lee, as plaintiff, commenced an action against the plaintiff in error O. D. Lee, as defendant, for a divorce and alimony, joining A. D. Lee, his father, on account of certain alleged transfers of realty. In her petition it is alleged that the plaintiff and defendant O. D. Lee were married on February 12, 1910, and continued to live together as husband and wife until March 22, 1910; that on said date the defendant was guilty of extreme cruelty, calling her vile names and accusing her of infidelity; that he slapped her and assaulted her, which constituted extreme cruelty; that he was an able-bodied man, capable of earning a good living for himself and plaintiff, but that he refused to support her; that for over one year previous to the beginning of the said action defendant had failed to contribute anything to the support of plaintiff; that said defendant committed acts of infidelity toward plaintiff on or about February 25, 1911, and divers other times with persons, their names being to her unknown, which acts had not been condoned by her. On July 5, 1911, said defendant filed his answer, denying the allegations of the plaintiff's petition, except as specially admitted. He admitted the marriage and separation as alleged. He also averred that shortly after the plaintiff and defendant were married the plaintiff called the defendant vile names, and began a continuous course of abuse against him, and that on March 22, 1910, she abandoned him without cause. Afterwards, to wit, on July 18, 1911, said defendant filed an amended answer adding as an additional defense a plea of *res adjudicata,* wherein he pleaded that said plaintiff on or about March 22, 1910, commenced an action for divorce against said de-

fendant on the same grounds, to wit, for gross neglect of duty and extreme cruelty; that, after a trial a demurrer was sustained to the evidence and judgment rendered in his favor, the issues being identical.

A decree in an action of divorce between the same parties for the same cause of action precludes a re-examination of the same facts in a subsequent case. *Ford v. Ford,* 25 Okla. 785, 108 Pac. 366, 27 L. R. A. (N. S.) 856. Under this authority, the plea of *res adjudicata,* under the facts disclosed by this record, should have been sustained as to the allegation of extreme cruelty, but not as to the charge of gross neglect of duty.

As to the latter ground or allegation, the court found that this was sustained by plaintiff's evidence. It is settled by authority that a substantial failure of a husband suitably to provide for his wife's support when he is able to do so is gross neglect of duty entitling the wife to divorce. 14 Cyc. 621, 622, and authorities cited in footnote 9.

In addition to this, the plaintiff, in her petition, charged the defendant with adultery. This charge the court found not to be sustained by the evidence. The defendant in his cross-petition asked for a divorce charging the plaintiff with adultery. This the court found not to be sustained by the evidence.

The trial court having sustained the ground for divorce on the part of the plaintiff which charged "gross neglect of duty," in view of the fact that both parties in the pleadings had charged each other with adultery, we do not think under this record that this court on review ought to disturb the order of the lower court granting a divorce.

The question arises now as to the allowance of alimony. The trial court allowed the plaintiff $500 as alimony and $100 as counsel fees. In this the court does not appear to have committed any reversible error. *Adams v. Adams,* 30 Okla. 327, 120 Pac. 566; *Ecker v. Ecker,* 22 Okla. 873,

98 Pac. 918, 20 L. R. A. (N. S.) 421; *Pauly v. Pauly*, 14 Okla. 1, 76 Pac. 148.

The judgment of the lower court is affirmed.

All the Justices concur.