## GRAY v. GRAY.

No. 13397—Opinion Filed May 8, 1923.

(Syllabus.)

1. **Divorce—Division of Property—Appeal—Insufficiency of Record.**
Actions for divorce and division of property are of purely equitable cognizance. Where it is assigned as error on appeal that the trial court made an inequitable and unfair division of the property jointly acquired within the meaning of section 4969, Rev. Laws 1910, the sufficiency of the evidence to justify the decree is by such assignment drawn in question, and in the absence of the same, the assignment cannot be sustained.

2. **Same — "Equitable Division" — Scope of Review.**
Where the trial court in granting a divorce makes a division of the jointly acquired property, the law applicable does not require an equal division, and though there is, from the recitation in the judgment, great disparity in the amount, this court cannot say the same was error where the appeal is by transcript merely, there being nothing before the court disclosing the many circumstances and conditions which the trial court had a right to consider in making the division.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by William Henry Gray against Bessie Adeline Hagerman Gray for divorce. Judgment for plaintiff, and from the decree as to division of property the defendant brings error. Modified and affirmed.

Randolph, Haver & Shirk, Gill, Jones, Tyler & Potter, H. M. Gray, and C. E. Cooper, for plaintiff in error.

Conn Linn and West, Sherman, Davidson & Moore, for defendant in error.

BRANSON, J. April 16, 1921, William Henry Gray, as plaintiff, filed in the district court of Tulsa county, Okla., against Bessie Adeline Hagerman Gray, as defendant, a petition for a decree of absolute divorce, which was, on hearing, granted, and a division of property made, and from the judgment dividing the property this appeal is prosecuted by petition in error and transcript. The parties will be referred to herein as they appeared in the court below.

Plaintiff's petition alleged that he and the defendant were married in the state of Texas on the 1st day of November, 1911, and that they continued to live together until December, 1918, when the defendant became infatuated with another man, with whom she committed adultery.

To this petition, the defendant filed an answer, an amended answer, and a second amended answer and cross-petition, in which the defendant did not deny the ground for divorce pleaded by the plaintiff, and pleaded statutory ground for divorce, and prayed that divorce be granted her.

At the trial of the cause, the prayer of the defendant for divorce was denied, and divorce was granted the plaintiff. No exception is taken by the defendant to this action on the part of the trial court, and nowhere is it sought to reverse the decree granting the plaintiff the divorce.

In addition to praying the divorce on the ground set out, the plaintiff prayed a cancellation of a certain separation agreement, executed by the plaintiff and the defendant on February 5, 1919, by and under which said separation agreement they had undertaken to make an adjustment and final division of the property rights touching properties owned; the plaintiff seeking to set aside the separation agreement on the ground that the defendant had fraudulently concealed from him the fact of her infidelity, which existed prior thereto.

The defendant in her answer and cross-petition also sought to set aside the separation agreement on the ground that the plaintiff had concealed from her the real amount of property owned by him, and that she had entered into the agreement to accept the amount therein specified by reason of this fraudulent concealment. No exception is

made to the action of the court in vacating the separation agreement.

The defendant, in perfecting her appeal, does so only by transcript. A case-made, or the entire record, including the evidence before the trial court, is not brought to this court for review, but only the pleadings and the judgment entered by the trial court are before us, and we must reach our conclusions without the opportunity to examine the record before the trial court, and there is, therefore, nothing enabling us to pass upon the situation as it was presented there.

The allegation of error can be best understood by reciting the findings of the trial court. The trial court found, among other things, that the parties made their home in the city of Houston, Tex., until August, 1917, when they removed to the city of Tulsa, Okla., and that they brought with them approximately $25,000, which had been accumulated prior to the date of their removal to Oklahoma, and that under the laws of the state of Texas this $25,000 was community property. That the plaintiff is now possessed of property of the value of $200,000, and that the same was accumulated during the time that the plaintiff and defendant resided in the state of Oklahoma; and through their mutual and joint efforts, and was accumulated as a result of investment and reinvestment of the $25,000 brought from Texas, and concluded:

"It is further considered ordered, adjudged, and decreed, that the defendant, Bessie Adeline Hagerman Gray, do have and recover of and from the plaintiff, William Henry Gray, the sum of $12,500, to be paid by the defendant in cash, as follows, to wit: * * *"

Then is recited that one-half shall be paid within 45 days and the remaining one-half in 120 days, with interest. And further:

"It is further ordered, adjudged, and decreed by the court that the defendant, Bessie Adeline Hagerman Gray, have and recover of and from the plaintiff, William Henry Gray, further judgment for an additional sum of $3,500 for the use and benefit of defendant's counsel. * * * the said sum of $3,500 to be paid by the plaintiff to the defendant or to the defendant's counsel, for their use and benefit, on or before May 25, 1922," etc.

And further found and adjudged:

"It is by the court further considered, ordered, adjudged, and decreed that the defendant, Bessie Adeline Hagerman Gray, be paid by the plaintiff, William Henry Gray, the additional sum of $350 each and every month hereafter, as long as she, the said Bessie Adeline Hagerman Gray, remains single. That the first payment of the said $350 shall be made on or before the 15th of April, 1923, and that in each month thereafter, as long as the defendant, Bessie Adeline Hagerman Gray, remains single, the plaintiff shall in like manner, on or before the 15th day of the month, pay to the defendant, Bessie Adeline Hagerman Gray, the sum of $350, so awarded by the court in this decree, the said monthly payments to be deposited to the order of the defendant in the Exchange National Bank in the city of Tulsa, Okla., or, in the event of said bank ceasing to do business, in some other bank in the city of Tulsa, to be designated by this court."

The defendant in her answer and cross-petition, among other things, pleads what purports to be several statutes of the state of Texas on the subject of community property, and after pleading the same, says:

"Defendant further alleges that plaintiff and the defendant resided in and were domiciled in Texas prior to their marriage, and continued to reside in and to maintain their domicile in Texas until after the 5th day of February, 1919. That the foundation of their fortune was laid in Texas, and was the result of a small amount of property placed in the community at the time of their marriage, their earnings, money received as damages for personal injury of plaintiff, and the results of investments of borrowed money, by the laws of Texas, constituted community property. That all of the property held by the plaintiff is held for the community, and is the product of the joint labor and endeavor of plaintiff and defendant."

And in another part of the answer and cross-petition it is alleged:

"Defendant further alleges that by the laws of Texas all property acquired outside of the state of Texas with community funds, or community property, becomes community property and that each of the parties has an undivided interest in common in such property, and that the interest of each is a vested interest. That it is the law of Texas that neither of the parties to a marriage is entitled to permanent alimony on a divorce being granted, but that the community property is to be equally divided, and partitioned between the parties."

It thus appears to be clear that the position of the defendant in the trial of this cause in the district court was that at the time of the separation agreement in question the plaintiff and the defendant were residents of the state of Texas, and that, although they accumulated property in Oklahoma, they being residents of the state of Texas, the rights of the parties respectively to the

Oklahoma property were governed and controlled by the community property statutes of the state of Texas.

The issues having been joined upon the law of a foreign jurisdiction pleaded, the finding of the trial court as to the same was a finding of a fact, and the finding of fact made by the trial court upon this issue is set out hereinabove.

Whether or not the finding of the trial court upon the issue as to the law of Texas pleaded by the defendant and traversed by the plaintiff was a correct finding is a question which we cannot here determine, for the reason that there is nothing before this court except the pleadings and the journal entry of judgment entered by the trial court, but, for the purposes of this appeal, the finding of the trial court was against the defendant's contention that the law of the state of Texas was such as would govern in the distribution of properties accumulated and owned in the name of the plaintiff in Oklahoma, as pleaded by the defendant in the above-quoted portion of her answer and cross-petition.

Counsel for defendant in an able and extended brief discuss community property, the effect of the community property laws of the state of Texas, as they bear upon the issues of this cause, and urge that by reason of the community property statutes of Texas, and by reason of laws creating and defining trusts, the defendant had a vested one-half interest in the property. The whole cause was tried by defendant upon the theory that it was community property under the laws of Texas.

The question of the property being held in trust is not mentioned in the body of the pleadings, nor a declaration of trust prayed in the prayer of the cross-petition, and therefore this contention in the defendant's brief will not be discussed.

Under the pleadings in this cause, if the property was found not to be controlled by the Texas law governing community property, it must be treated as the jointly acquired property of the parties, under section 4969, Rev. Laws 1910. The trial court so found, and this finding is binding on us.

That the findings and conclusions of the court from the entire record were correct, must be presumed. If there were advancements made before the decree, the amount thereof, there is nothing to show the kind and nothing to show the character of the property found by the court to be of the value

recited; nothing to show the indebtedness, if any, existing against the plaintiff; nothing to show the amount of income from the property, or whether the property was of a stable value or a speculative value; whether its value depended upon the use to which plaintiff particularly could place the property, and into the value of which the personal equation, to wit, the attention and business skill of the plaintiff, materially entered, all of which, together with its description and character, must have been disclosed to the trial court and none of which is presented in this court. We have nothing to show these conditions or the facts and circumstances surrounding the accumulation of the property, the efforts, etc., of the respective parties in that direction, the characteristics of the parties as to frugality, etc., the amount of expense to which the defendant might have unreasonably placed the plaintiff before the divorce in question, her conduct toward plaintiff other than her adultery, all of which facts and circumstances the trial court had a right to take into consideration, and must have heard presented in the trial.

Even if the conclusions of the trial court were erroneous, we are in no position to say that the division of property as made by it has been shown by the plaintiff in error to be unfair and inequitable.

In contested divorce cases, where the evidence is conflicting, and there is sufficient evidence to support the findings of the court and the decree based thereon, the same will not be disturbed on appeal. Stovall v. Stovall, 29 Okla. 125, 110 Pac. 791; Johnson v. Johnson, 72 Oklahoma, 179 Pac. 595; Adams v. Adams, 30 Okla. 327, 120 Pac. 566; Penn v. Penn, 37 Okla. 650, 133 Pac. 207; Robertson v. Robertson, 73 Oklahoma, 176 Pac. 387.

In the absence of the record or special findings of fact showing the contrary, this court must presume that there was sufficient evidence before the trial court, showing all the facts and circumstances surrounding the accumulation of the property in question, to warrant the trial court concluding the division which was made was fair and equitable.

Defendant contends that, if the Texas law does not govern, or if one-half the alleged property was not held in trust by the plaintiff for the benefit of defendant, section 4969, Rev. Laws 1910, governing the division of jointly accumulated property, is the controlling statute, and the property must be divided equally between the parties. This contention cannot be sustained. The very

language of the statute itself shows that it is the duty of the trial court to make such division between the parties as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof.

The defendant in her cross-petition nowhere pleads information as to the kind and character of the property owned by the plaintiff which would warrant the court in making any finding thereon as to what would be a just and equitable division of the property in kind. Neither is there pleaded in her cross-petition anything which would indicate that if the court exercised its right in the alternative, as shown by the use of the word "or" in the statute, to set the property aside to the plaintiff, as to what sum in lieu of the property being set aside to the plaintiff, the plaintiff should pay as a just and fair division thereof; but, on the contrary, the defendant in her cross-petition alleges that he owns property of the value of a specific amount of money. The court finds that he has property of the value of so much money, but there is no specific finding as to the facts and circumstances above indicated.

In the case of Galutia v. Galutia (Kan.) 82 Pac. 461, it was said:

"There are many circumstances which properly enter into the mind of the court in making such award, such as the financial abilities of the parties, how the property was accumulated, the conduct of the parties, their station in life, etc."

It has been frequently held that this statute does not contemplate an equal division of the property. Martin v. Martin (Wis.) 105 N. W. 783; Richardson v. Richardson (Wash.) 78 Pac. 920; Sullivan v. Sullivan (Wash.) 100 Pac. 321; Kolbe v. Kolbe (Wash.) 97 Pac. 236; Johnson v. Johnson (Kan.) 46 Pac. 700.

In the case of Tobin v. Tobin, 89 Okla. 12, 213 Pac. 884, this court said:

"And whether the husband is granted the divorce or the wife is granted the divorce, the provision of the law remains the same—that as to all such acquired property (meaning the jointly acquired property) the parties are each entitled to an equitable division of the same. * * * This does not mean, however, that they are each entitled to an equal division of the property. There may be circumstances surrounding the accumulation of the property, under which,

when the unfortunate hour of the divorce is reached, it would be grossly inequitable to divide the property equally between the parties. For this reason, the language of the statute uses the words 'fair and equitable division,' giving the court a wide discretion under all the circumstances, lest the court, in trying to carry out the provisions of the statute as to equity, may be driven to an inequitable decree between the parties."

This being the rule, there is no law to sustain the contention of the defendant that the court made an erroneous conclusion from the facts found because one-half of the value of property found to be owned by the plaintiff was not given in the form of a money judgment in favor of the defendant. And it being true, as a matter of law, that the court is not required to make an equal division of property, then whether or not the conclusion of the court as to the amount given to the defendant was unfair and inequitable, is a question this court cannot pass upon without reviewing the record, which is not before us. The burden of showing its inequitable nature being on the plaintiff in error, it is impossible for this court to say that the division made by the trial court is not, under all the circumstances developed in the case, a fair and equitable division of the jointly acquired property. The mere fact that the trial court made no specific findings, which he might have made, on the request of either of the parties, as to those things which might have amply warranted the trial court in reaching the conclusion as to the division which was made, does not strike down the presumption in favor of the correctness of the judgment in the absence of a showing from the proof before the court that there was no evidence in the record from which such division could be considered equitable. If the record were here, it would have given this court an opportunity to weigh the evidence, and, under the rule in cases of purely equitable cognizance, enter such judgment as should have been entered by the trial court, if the one entered was found, on examination of the record, to have been inequitable and unjust.

The inequitable character of the decree in cases, like this, of purely equitable cognizance, cannot be concluded merely because there is a disparity in money amounts. This inequality and unfairness must be disclosed by the facts, which the record alone would have enabled the court to review, and, in the absence of such record, no such conclusion can be reached.

We are asked to say whether, under the recitation in the formal judgment, without

any request for a full and complete finding, and none being made, the amount of property given the defendant was equitable, fair, and just. The only answer this court can give is that we do not know. This might have been ascertained from the record, but not from the transcript, and, in the absence of the defendant's sustaining the burden, this court cannot disturb the conclusions reached by the trial court.

The division made by the trial court carried with it a continuing payment of $350 per month during widowhood. This, of course, is not made as alimony, and is not enforceable as such; same should have been, and doubtless was intended to be a judgment against plaintiff, his property, and his estate, when the payments are not made, as long as defendant remains a widow, and in default of any payment when due, enforceable by execution or other process as other judgments, and the decree should be modified to this effect, and, as so modified, is affirmed.

JOHNSON, C. J., and McNEILL, KANE, KENNAMER, NICHOLSON, COCHRAN, HARRISON, and MASON, JJ., concur.