Sylvia ROESLER, Appellant,

v.

Ray G. ROESLER, Appellee.

No. 56846.

Supreme Court of Oklahoma.

Feb. 16, 1982.

Whitten & Pankey by Hal S. Whitten, Jr., Oklahoma City, for appellant.

Warren, Ricks & Mayfield, P.C. by Glenn E. Ricks, Oklahoma City, for appellee.

LAVENDER, Justice:

From an order of the trial court sustaining Appellee's special demurrer to Appellant's amended petition on the ground of misjoinder of causes of action, Appellant filed a petition for certiorari to review the order pursuant to 12 O.S.1971, § 952, and Rule 1.50 of the Rules on Perfecting a Civil Appeal adopted by this Court on November 12, 1969.

The issue presented by the certified interlocutory order of the trial court is whether a spouse may join separate causes of action for divorce and for tortious physical injury allegedly inflicted by the other spouse upon the plaintiff in the same suit.

We answer in the affirmative.

The right to unite two or more causes of action in the same petition is governed by 12 O.S.1971, § 265.[1] While divorce is wholly a creature of statute,[2] actions for divorce

---

1. 12 O.S.1971, § 265 insofar as pertinent provides:

"The plaintiff or plaintiffs may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both. But the causes of action so united must all arise out of the same transaction or occurrence or must affect all the parties to the action . . . ."

2. *Williams v. Williams*, Okl., 543 P.2d 1401 (1976), appeal dismissed, certiorari denied 96 S.Ct. 2220, 426 U.S. 901, 48 L.Ed.2d 826.

and division of property are of purely equitable cognizance.[3]

The only requirement for the joinder of two or more causes of action in the same petition is that all must arise out of the same transaction or occurrence *or* must affect all the parties to the action. The requirements of the statute are clearly expressed in the disjunctive, and the presence of one is sufficient to authorize joinder.

In *Bowen v. Brock*,[4] we held (244 P.2d at page 551):

"It is well settled that in this jurisdiction questions of equitable cognizance may be determined in one action, or that legal and equitable remedies may be sought in the same action."

And, in *Cochran v. Buddy Spencer Mobile Homes, Inc.*,[5] it was held (at page 949) that a plaintiff may unite several causes of actions in the same petition as long as they arise out of the same transaction. Prior to the 1959 Amendment to 12 O.S.1971, § 265, this Court held that it is proper to join an action for damages for breach of contract to marry with a cause of action to recover money loaned to the defendant in contemplation of marriage in the case of *Roberts v. Van Cleave*;[6] and in *Whitney v. Whitney*[7] (151 P.2d at page 585):

"It is clear that there is no inconsistency between a suit for divorce and a suit for damages for fraudulently inducing a party to enter into a void marriage relationship."[8]

Since in the case before us the two separate causes of action set forth in the petition involve identical parties, there is no misjoinder of causes of action.

Appellee's arguments concerning alleged prejudicial effect of trying both cases simultaneously are well taken. In order to avoid such possible prejudicial effect these separate causes of action should be separately docketed and heard by the trial court.

The ruling of the court below sustaining Appellee's special demurrer to the petition on the ground of misjoinder of causes of action is reversed; the second and third causes of action set forth in the amended petition are ordered reinstated, and the cause is remanded for further proceedings not inconsistent herewith.

All of the Justices concur.

---

3. *Gray v. Gray*, 89 Okl. 237, 215 P. 208 (1923).

4. 206 Okl. 516, 244 P.2d 546 (1952).

5. Okl.App., 618 P.2d 947 (1980).

6. 205 Okl. 319, 237 P.2d 892 (1951).

7. 194 Okl. 361, 151 P.2d 583 (1944).

8. Accord, *Mashunkashey v. Mashunkashey*, 189 Okl. 60, 113 P.2d 190 (1941).