The opinion of the court was delivered by
Valentine, J.:
This seems to be intended as an action in the nature of quo warranto, with a prayer for an injunction as an ancillary proceeding. A temporary injunction was granted by the judge of the court below, restraining the defendants Durkee, Eastland, Kinney, Dunlap, Landis, Ar-buckle, and Pratt from exercising the duties of, or interfering with, certain county offices of Russell county, which offices these defendants claimed respectively to hold and fill. After *314 ward said temporary injunction was dissolved; and the state, as plaintiff in error, now brings' the case to this court, and asks to have the order of said judge dissolving said injunction reversed. A temporary injunction was also granted against other persons, but as it was not dissolved no question is raised concerning it in this court.
The order of the district judge must be affirmed, in whatever aspect we may view this case. Whether this is quo warranto, or a bill in equity, and'whether the petition states facts sufficient to constitute a cause of action or not, still the order of the judge dissolving- said injunction was correct. The petition was sworn to, and made both a petition and an affidavit; and this was the only evidence presented to said district judge. For the purposes of this case we shall consider that the evidence sufficiently showed that J..W. Dollison, C. W. Harshbaugh, John M. Bradbury, James Sellers, John Fritts, A. L. Voorhis and R. V. Kennedy were the county officers de jure for the offices which the abovenamed. defendants claimed; but this may be questioned. But as to who were the officers defacto it is difficult to tell from the allegations of said petition. The allegations of the petition on this subject are at least ambiguous, if not directly contradictory. Probably it would be fair to infer from the allegations of said petition that said defendants were and are the said county officers de facto, and that they also claim to be said officers de jure. This is our interpretation of the petition; and with this interpretation, the state, on the relation of the county attorney, clearly has ho right to ask that the said officers defacto shall be restrained from the exercise of the duties and functions of their several offices pending this litigation. (People v. Draper, 24 Barb., 265; Hartt v. Harvey, 32 Barb., 55; Cochran v. McCleary, 22 Iowa, 75; Markle v. Wright, 13 Ind., 548; Updegraff v. Craus, 47 Penn. St., 103; Hilliard on Injunctions, 446 to 449.) The interest of the public requires that somebody should exercise the duties and functions of the various offices pending a litigation concerning them, *315 and no one has a better right to do so than the various officers defacto who claim to be officers dejwre.
The order of the judge of the court below dissolving said injunction is affirmed.
All the Justices concurring.