JOHN T. BRADY, *et al.*, v. ISAAC SWEETLAND, *et al.*

PUBLIC OFFICERS; *Powers and Rights of Officers de facto.* The office of school-district treasurer was in dispute between two persons, one of whom was in possession and the other not, but both claimed to be legally entitled to the office. The claimant not in possession commenced an action of *quo warranto* against the other to obtain possession of the office. The clerk of said school district, and the disputant in office, who was really treasurer *de facto*, if not treasurer *de jure*, hired a school teacher. The director and the other claimant hired another teacher. These three persons last mentioned took possession of the district school-house and prevented the other three from occupying, using or controlling the same: *Held*, that injunction will lie in favor of the clerk and the treasurer *de facto* to restrain the director and the other two persons acting with him from further interfering during the pendency of said action of *quo warranto* with the right of said clerk and treasurer *de facto*, (they being a majority of the school-district board, and acting for the board,) to take charge of and use and control said school house.

*Error from Nemaha District Court.*

INJUNCTION brought by *John T. Brady*, as treasurer, and *Nathaniel Slosson*, as clerk of School District No. 51, of

Nemaha county, against *Isaac Sweetland,* as director of said School District No. 51, and *Lawrence R. Wheeler* and *D. L. Anderson.* The facts are sufficiently stated in the opinion. The district judge granted a temporary injunction, and afterward, September 13th, 1873, on motion dissolved such injunction. From the order dissolving the injunction the plaintiffs appeal, and bring the case here by petition in error.

*Nathan Price,* for plaintiffs in error:

The petition states a good cause for an injunction. The custody of the school-house is given to the district board; (Gen. Stat., ch. 92, § 43;) and said board are given the right to contract with and hire qualified teachers; (id., § 45.) When a power or right is vested in a number of persons by law, that power may be exercised by a majority of them, unless there is some statute restrictive of such power. The petition in this case shows that a majority of the school board had exercised the power of hiring a qualified teacher, and that the director and defendant Wheeler, who was not in office at all, but was endeavoring to get into the office of treasurer, attempted to usurp the powers of the board, and with defendant Anderson took possession of the school-house and run a school. Certainly, on the facts shown they are trespassers, and an injunction will always be granted to restrain a trespass when the case is of that nature that full compensation cannot be had in damages. Wil. Eq. Jur., 381, 382, 405; Daniel's Ch. Pl., 1639, 1650, 1653; 2 Story's Eq. Jur., § 927; 11 Kas., 186.

*C. W. Johnson,* for defendants:

1. The plaintiffs in their petition do not show any cause of action, in this, that they do not show the contract with the Philbrooks, (teacher,) was in conformity to law. Gen. Stat., 921, § 27.

2. An action of *quo warranto* was brought by Wheeler as plaintiff, against Brady as defendant, and is now pending.

There is no law authorizing an injunction in favor of a *defendant* against a *plaintiff* during pendency of suit. It is the defendant who is enjoined, not a plaintiff. Injunction is a provisional remedy, except when it is the final relief demanded, and a defendant has no right to invoke it. In a case where injunction is the only relief sought, and is the final order to be obtained, it cannot be granted *in vacation*, because that it is to force a trial of the merits of the action in vacation. The validity of the school contract could not be tried at chambers, where the district was no party; neither could the right of office between Wheeler and Brady, though that was what was sought, that is, to try the validity of a contract and an election in a collateral proceeding at chambers. The injunction was granted without notice, in violation of § 241 of the code. Wheeler set out his cause of action in a petition, and Brady seeks to enjoin Wheeler without himself answering Wheeler's petition.

3. What interest had these plaintiffs in what at most was a trespass to the real estate of the school district? There is no law giving the treasurer and clerk a right to sue the director for possession of the school-house. The defendant Anderson was in possession, teaching a school. Instead of suing him in forcible entry and detainer, plaintiffs seek to oust him by injunction, and close the public school — a result they accomplished by injunction, and continued by appeal — a proceeding more likely to injure, than plaintiffs are to be injured. Hill on Injunc., § 13.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiffs in error who were plaintiffs below filed a petition in the district court asking for a certain injunction to restrain the defendants from committing certain acts which the plaintiffs alleged the defendants were then committing and about to commit. The district judge granted a temporary injunction to restrain the defendants from committing said acts, but afterward on motion of the defendants dissolved the same solely on the ground that the

petition did not state facts sufficient to constitute a cause of action. No evidence was used on the hearing of said motion to dissolve the injunction, except the petition, which was sworn to, and made an affidavit as well as a petition. For the purposes then of this case we must consider the facts stated in said petition as true; and upon such consideration did the judge of the court below err? The material facts stated in said petition are substantially as follows: The plaintiff John T. Brady was the treasurer of school district No. 51 of Nemaha county. The plaintiff Nàthaniel Slosson was the clerk of said district; and the defendant Isaac Sweetland was the director of the same. These three persons by virtue of their offices constituted the school-district board of said district. The defendant Lawrence R. Wheeler however claimed to be entitled to the office of treasurer of said school district and had previously instituted an action in the nature of *quo warranto* to have his rights determined, and to obtain possession of said office. This action was still pending. During the time this office was in dispute the plaintiffs, Brady and Slosson, hired teachers for said school district. About the same time the defendants Sweetland and Wheeler also hired a teacher for said school district, to-wit, the defendant D. L. Anderson. The defendants then took possession of the school-house of the district, and refused to permit the plaintiffs to have charge or control thereof, and refused to permit the teachers hired by the plaintiffs to teach therein. The injunction prayed for is to restrain the defendants from further interfering with the plaintiffs' management and control of said school-house.

We think the injunction ought to be granted. Admitting for the sake of the argument that Wheeler is legally entitled to the said office of treasurer, and still as the office is occupied by another person who claims to be holding it rightfully and legally, Wheeler has no right to interfere therewith until some court in a proper proceeding therefor determines in his favor. He cannot while he is merely claiming the office employ teachers and take charge and control of the property of

the district, nor can he even unite with one of the members of the school board for such a purpose. He has no right to attempt to take forcible possession of the office. He may prosecute his action of *quo warranto* to a final determination, and then if it be determined in his favor the court will put him in possession of the office. (Gen. Stat., 760, code §§ 656, 657.) But if the action should be determined adversely to him he will of course never get possession of the office. And pending the litigation concerning Wheeler's or Brady's right to hold said office, Brady, as treasurer *de facto*, claiming to hold the office as treasurer *de jure*, will have the right to hold and perform all the functions thereof unmolested by Wheeler or any one else. (*The State v. Durkee*, 12 Kas., 308.) The power to hire teachers and to take charge of and control the property of the school district belongs exclusively to the school-district board. (Gen. Stat., 925.) And any two members of the board may act for the board; (Gen Stat., 999, § 1, subdiv. 4.)

The judgment of the court below must be reversed, and cause remanded for further proceedings.

All the Justices concurring.