## MOORE v. THAYER.

No. 25008. Jan. 16, 1934.

Rehearing Denied Feb. 6, 1934.

Bob Howe, H. M. Shirley, and Hughes & Hughes, for plaintiff in error.

Carder & Carder and Reed & Montgomery, for defendant in error.

BAYLESS, J. Frank H. Thayer instituted an action in the district court of Kiowa county, Okla., against J. H. Moore, seeking relief concerning conflicting claims of possession of an office. Thayer obtained relief in the form of a permanent injunction enjoining Moore from claiming the office or attempting to exercise the duties thereof or interfering with Thayer in his exercise of the duties of said office. The parties will be referred to herein as plaintiff and defendant, as they appeared below.

We here make a summarized statement of the facts disclosed by the record in this case before discussing the law:

The parties agree, and the evidence shows, that Hobart, Okla., is a city of the first class within the definition of the statutes of the state of Oklahoma. The parties agree that section 6864, O. S. 1931 (section 10409, C. O. S. 1921), and its related sections govern the election of the members of the board of education for said city, the length of the terms of office, and the exercise of the powers and duties of said board. The record shows that five members of the board of education of said city were elected at the annual city elections held in the spring of 1915. There is in evidence, in the form of minutes of a meeting of said board of education on March 6, 1916, that the members of said board cast lots for the long and short terms, as provided by section 6864, supra, and that a short term fell to the member of said board from the first ward of said city, which would necessitate an election of his successor in the year of 1917, who would be elected for a term of four years. There is evidence that biennial elections for members of this board of education were held up to and including the year 1923. There is also evidence that no biennial elections were held between the year of 1923 and the year of 1931, although a board of education seems to have existed and to have functioned during this period of time. There is evidence that at the biennial election in 1931 members for said school board for said city were elected, and the defendant was elected at that time to represent the first ward of said city and a certificate of election was issued to him certifying that he had been elected for a four-year term. At the biennial city election in 1933 the plaintiff offered himself as a candidate for membership on said board from the first ward and was issued a certificate of election certifying that he had been elected for a term of four years. The plaintiff, with his attorney, attended a meeting of said board of education on Monday, May 1, 1933, the plaintiff having in the meantime presented his certificate of election and having taken the oath of office. At this meeting the members of the board, as it

had been immediately previously constituted, appeared, and in addition thereto the plaintiff and other newly elected members. The record discloses, without disclosing the reason therefor, that the board of education, as immediately previously constituted, functioned at the meeting of May 1, 1933, and the defendant was present, presided as president of the board, and participated in said meeting. Sometime during the course of the meeting the plaintiff arose and announced that he had been elected to said board from the first ward and intended to act as such member when the new board organized and began to function. The defendant answered the plaintiff, indicating that he claimed the office, was occupying it, and would continue to do so. The plaintiff thereupon filed this action and procured a temporary restraining order against the defendant, whereupon the defendant desisted from further participation as a member of the board, and the plaintiff thereupon began to act in his stead and did so act until a restraining order was issued against him.

The petition of the plaintiff alleges, in substance, that he was duly elected a member of said board of education on April 4, 1933, for the term beginning May 1, 1933, and expiring April 30, 1937; that he had qualified and had assumed and was then exercising the duties of said office; that said school system was an independent school district situated within the city of Hobart, a city of the first class; that the defendant had been a member of said board, that his term of office expired at midnight April 30, 1933, but that, notwithstanding the expiration of said term of office, the said defendant was attempting to exercise the rights as a member of said board and was attempting to interfere with plaintiff in his exercise of said duties; that the plaintiff had no plain, adequate, or complete remedy at law and that he would suffer irreparable injury unless the defendant was enjoined, and that this action was brought in lieu of a complaint for a writ of quo warranto or information in the nature of quo warranto. The defendant filed an "amended answer and cross-petition" containing: (1) A general denial; (2) and allegations, (a) that he was the duly elected, qualified, and acting member of said board for the first ward of said city; (b) that the plaintiff was claiming said office and was threatening to interfere with the defendant in the exercise of his duties in said office; (c) set up all of the facts

upon which he based his title to said office; (d) that he had no plain, speedy, adequate, or complete remedy at law to prevent the plaintiff from usurping said office, that he was not attempting to try the title to said office, but merely to restrain and enjoin said plaintiff. He asked therein for injunctive relief.

Both parties assert in their pleadings and briefs that this action was not intended primarily to try the title to said office, but was merely an effort on the part of two contestants, each of whom claimed to be in possession of an office and to be interfered with by the other, to secure protective injunctive relief from a court of equity.

If we take this view of the matter, the judgment of the trial court is erroneous. Whatever may have been the plaintiff's claim to said office, it is clear from the record before us that he was never in possession of said office, never attempted to or did exercise any of the powers, duties, or functions of said office until after the defendant had been ousted from said office by the temporary restraining order issued at the plaintiff's behest. Therefore, the plaintiff did not sustain the burden of proof which he undertook when he alleged that he was in possession of said office and the defendant was interfering with him in the possession of said office.

Without disagreeing with the law presented by both parties as to the right of a court of equity to grant injunctive relief to a person in possession of an office under color of title, and the right of such a court to incidentally inquire into the title of the claimants of said office to the extent of determining that the person in possession was there under a color of title, nevertheless, we do not adopt said law as determining this action, and we do disagree with the parties in trying to limit the issue as they apparently did and as briefed here on appeal.

We have heretofore stated in summary form the allegations of the pleadings. This case is very similar to that of Wentz v. Thomas, 159 Okla. 124, 15 P. (2d) 65. We said in that case, after summarizing the pleadings of the parties, the following:

"Plaintiff contends that the only question she has raised is the naked question of possession of the office. If that were true, we would have have a different question presented. However, we cannot agree with that contention, for the reason that the allegations in her petition, in our judgment,

are contrary thereto. We hold, first, that, when she alleged that she was the duly appointed, qualified, and acting commissioner and member of the State Highway Commission of the state of Oklahoma, under and by virtue of the laws of the state of Oklahoma, and that was denied by the defendant, it directly brought in issue the question of whether she had been legally appointed and legally made a member of the Commission, which necessarily carries with it a determination of her title to the office; and, second, that, when she alleged that the defendant had been and then was making unlawful claim to the right and title to the office occupied by and then in her possession, and he denied that allegation, that directly raised the question of whether his claim to the office was unlawful, and raised the issue of the legality of his claim thereto."

Whatever may have been in the minds of the parties to this action, the very nature and substance of the allegations of their pleadings was such that a question of title to this particular office was presented to the trial court. The parties attempted to limit the issue to that of injunctive relief to protect a possessor of an office under color of title, and the trial court attempted to limit the evidence concerning the title to said office only to that necessary to disclose only a color of title on the part of the plaintiff. This being so, we cannot treat this record as being a trial upon the broader issue of title to office, because all of the evidence which might be introduced upon that score might not be in the record before us.

From the record it appears that, pursuant to the provisions of section 6864, supra, the board of education of said city, in the year of 1916, cast lots for the long and short terms, thereby throwing one of the short terms upon the first ward and necessitating an election in 1917 of a member for said ward for a four-year term, and likewise each four years thereafter. It is recognized, of course, that resignation, removal, or death might necessitate an election for an unexpired term within said four-year periods. If this evidence in the record is the only evidence upon that point and evidences what was the final and definite allocation of terms between the members of the first board, then the election of the defendant in 1931 could only be for the unexpired portion of the term which would expire in 1933. This being so, it would appear that the judgment of the trial court in seating the plaintiff would be correct, even though upon an erroneous theory. But

we cannot accept this evidence as being the only, the final and definite divisions of the term times of the members of said board of education because of the limited issue upon which the case was tried. The parties to this action having attempted to limit the evidence to the particular issue concerning the right to injunctive relief, and the trial court having tried the matter upon that issue, we do not feel justified in sustaining a judgment upon the broader issue of the title to the office in view of the fact that each party contends that that issue is not squarely presented herein.

For that reason, the judgment of the trial court is vacated, and the cause is remanded to the district court for the purpose of taking such additional testimony upon the issue of title to the office as each party may desire to submit.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.