## HOLLARN et al. v. ALDEN et al.

No. 29314. March 12, 1940.

Rehearing Denied April 2, 1940.

*100 P. 2d 869.*

P. D. Erwin, of Chandler, for plaintiffs in error.

William A. Vassar and M. A. Cox, both of Chandler, for defendants in error.

OSBORN, J. This action was instituted in the district court of Lincoln

county by Jess Hollarn and seven other plaintiffs who are resident taxpayers of the incorporated town of Agra in said county and who will hereinafter be referred to as plaintiffs, against C. J. Alden, Ben Hickman, Carl Anderson, as county superintendent of Lincoln county, and S. U. Silverthorn, as treasurer of Lincoln county, and as treasurer of the board of education of the town of Agra. These parties will be referred to as defendants.

Plaintiffs sought an injunction to enjoin and restrain defendants from issuing or paying warrants against the funds of the Agra school district. A hearing was had and defendants lodged a demurrer to plaintiffs' evidence, which was sustained and the cause dismissed. From said order plaintiffs have appealed.

Plaintiffs alleged that C. J. Alden and Ben H. Hickman are exercising the offices of members of the board of education of the school district and challenge legality of their election to said office for the reason that Alden was elected as "member of the school board" and not as a "member of the board of education" of the district, and that Hickman was elected as "director of the school board" and not as a member of the board of education of said district. It appears that one Fred Davis had previously acted as clerk of the board but had resigned. In this connection it was alleged that defendant Anderson, as county superintendent, claimed the right to appoint a successor to the said Davis by virtue of the provisions of article 3, chapter 34, Session Laws 1936-37. It was further alleged that said act is unconstitutional and void and that the plaintiffs had no adequate remedy at law. The prayer of the petition is as follows:

"Wherefore plaintiffs pray that the defendants C. J. Alden, Ben Hickman, and S. U. Silverthorn, be restrained and enjoined from issuing or payment of any warrant against the funds of said district; that the first two named defendants and the defendant, Carl Anderson, be restrained and enjoined from attempting to act in the selection of any member of the board of education in said school district, and from making any contract or obligation of said district of any nature or kind whatsoever; and that the plaintiffs have all other proper and equitable relief, including costs of suit, and including a temporary injunction against said threatened acts."

In its final analysis it is clear that the sole purpose of this action is to test the title of defendants Hickman and Alden to the office of members of the board of education. The sole ground on which this action is predicated is that they are without legal authority to transact the business of the district. The question therefore arises whether or not such issues may be determined in an action for injunction. In the case of Howe v. Dunlap, 12 Okla. 467, 72 P. 365, it was said:

"Unless the jurisdiction of a court of chancery is enlarged by express statute, it is limited to the protection of rights of property, and has no jurisdiction over the removal or appointment of public officers. (Ex parte Sawyer, 124 U. S. 200; Delahanty v. Warner, 75 Ill. 185.)

"High on Injunctions (3rd Ed.) section 1312, treating the subject under consideration, has the following to say:

" 'No principle of the law of injunctions, and perhaps no doctrine of equity jurisprudence is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office, such questions being of a purely legal nature, and cognizable only by courts of law. A court of equity will not permit itself to be made the forum for determining disputed questions of title to public offices, or for the trial of contested elections, but will in all such cases leave the claimant of the office to pursue the statutory remedy, if there be such, or the common law remedy by proceedings in the nature of quo warranto.' "

In the case of State ex rel. Cameron v. Jones, 165 Okla. 193, 25 P. 2d 648, it was said:

" 'Though there is some conflict of authority as to how far equitable relief by injunction may be successfully invoked to protect one in the possession and exercise of a public office, it is well settled by a great preponderance of authority that injunction is not a proper remedy to try the title between rival claimants as to which is entitled to fill and exercise the duties of an office, quo warranto, and not injunction, being the proper remedy.' " (People ex rel. Bentley v. McClees [Colo.] 38 P. 468.)

In the case of Neeland v. State, 39 Kan. 154, 18 P. 165, the court approved the above quotation from High on Injunctions and held as follows:

"Injunction is not the proper remedy to determine the title to an office but quo warranto is."

The above statement of the rule by Mr. High is quoted, approved, and followed in the following cases: Davis v. Wilson, 183 Ark. 271, 35 S. W. 2d 1020; State v. McFarland, 57 N. Dak. 708, 223 N. W. 931. See, also, White v. Barry, 171 U. S. 366, 18 S. Ct. 917; In re Sawyer, 124 U. S. 200, 8 S. Ct. 482; State ex rel. McCaffrey v. Aloe, 152 Mo. 466, 54 S. W. 494, 47 L.R.A. 393; Walton v. House of Representatives of State of Oklahoma, 265 U. S. 487, 68 L. Ed. 1115, 44 S. Ct. 628. When applied to a set of facts similar to that presented by the pleadings in this case, there appears to be no dissent from the rule above announced. Our holding is not to be construed as an infringement upon the right of one who is in actual possession of an office and is about to be dispossessed thereof to resort to equity to restrain unlawful interference by claimant to the office until the title to said office is properly determined in a court of law.

In the case of Allison v. Massey, 108 Okla. 140, 235 P. 192, it was said:

"Appellant contends in support of his position that the action was tantamount to the trial of the title to the office of county commissioner by an injunction proceeding, whereas it should be tried by a proceeding in the nature of quo warranto. As to this we deem it sufficient to say that in the allegations of Massey's petition he did not seek to obtain an office, but merely to prevent Allison from interfering with his performing the duties of the office he already held. Counsel in presenting this argument fail to distinguish between the remedy which an official has a right to invoke to protect himself in the exercise of his functions as a public officer, and the remedy necessary to be invoked to secure a public office alleged to be wrongfully held by another. That an injunction is a proper remedy in the former case, we think, is borne out by the authorities; 29 Cyc. 1516 (and cases cited in note thereto); Mechem on Public Officers, section 994; Brady et al. v. Sweetland et al., 13 Kan. 41; Guillotte v. Poincy (La.) 6 South. 507; Ewing v. Thompson, 43 Pa. St. Rep. 372; Kerr et al. v. Trego et al., 47 Pa. St. Rep. 292."

See, also, Moore v. Thayer, 167 Okla. 292, 29 P. 2d 106.

The following quotation which was approved in the case of State ex rel. v. Armstrong et al., 27 Okla. 810, 117 P. 332, is also pertinent to the proposition here presented:

" 'Probably it would be fair to infer from the allegations of said petition that said defendants were and are the said county officers de facto, and that they also claim to be said officers de jure. This is our interpretation of the petition; and with this interpretation, the state, on the relation of the county attorney, clearly has no right to ask that the said officers de facto shall be restrained from the exercise of the duties and functions of their several offices pending this litigation. People v. Draper, 24 Barb. 265; Hartt v. Harvey, 32 Barb. 55; Cochran v. McCleary, 22 Iowa, 75; Markle v. Wright, 13 Ind. 548; Updegraff v. Crans, 47 Pa. St. 103; Hil. Inj. 446-449. The interest of the public requires that somebody should exercise the duties and functions of the various offices pending a litigation concerning them, and no one has a better right to do so than the various officers de facto who claim to be officers de jure.' " (State v. Durkee, 12 Kan. 308.)

This disposes of the only question necessary for determination.

The judgment of the trial court is affirmed.

RILEY, HURST, DAVISON, and DANNER, JJ., concur.