BOWEN et al. v. BROCK et al.

No. 35295. March 11, 1952.

Rehearing Denied April 15, 1952.

Application for Leave to File Second Petition for Rehearing Denied May 27, 1952.

244 P. 2d 546.

J. C. Cornett, Pawhuska, and George Miskovsky and Leon S. Hirsh, Oklahoma City, for plaintiffs in error.

Hamilton & Kane and Tillman & Tillman, Pawhuska, for defendants in error.

WELCH, J. This is an appeal from a judgment dismissing an action commenced by Mrs. J. H. Bowen, Jim Martin, Cecil Cales and Charles E. Townley, and against Irvin Brock, George Wilhelm and Vernon Harding. Petition was filed by said plaintiffs wherein it is alleged that plaintiff Bowen is a duly elected, qualified and acting member of the board of education of Independent School District No. 20, Osage county, and that each of the other named plaintiffs is, respectively, a duly appointed, qualified and acting member of said board; that plaintiffs are the only persons constituting the board of education of said district; that Jess Weber, a member of said board, is presently suspended from office by order of the district court. It is alleged that the defendants have publicly asserted that they are legal members of the said board and that defendants, without authority so to do, have sought and are presently seeking to usurp and exercise the powers and authority of the board of education of said school district; that said defendants have forcibly taken possession of the buildings, offices and records of the district, and have interfered with and obstructed plaintiffs and are presently interfering with and obstructing the plaintiffs in the performance of their duties as members of said board of education.

The prayer of the petition was that defendants be adjudged to be without right or authority to exercise any of the powers or duties of the board of education of the school district; and that defendants be enjoined from exercising, or seeking to exercise, any

custody or control over the property and records of said district, and from interfering in any manner with the plaintiffs in their government and administration of the affairs of said district.

Attached to the petition were exhibits purporting to be copies of official records as show the details as to dates, manner and method where the three last named plaintiffs succeeded to membership on the school district board.

Summons was issued in accord with praecipe by plaintiff and contained endorsement as follows:

"Suit brought for preventing interference with functioning of School Board and for injunction."

The defendants filed a pleading, styled "Motion to Dismiss," wherein they asked the court to dismiss plaintiffs' cause of action for the reason that said cause of action was not instituted and is not being prosecuted in the name of the real parties in interest. In the motion defendants state that plaintiffs' petition and exhibits thereto attached show that plaintiffs, Martin, Cales and Townley, are not, respectively, in possession of an office of member of the board of education of Independent School District No. 20, and that said plaintiffs do not have the right to occupy said offices and that they have not been legally selected as members of said board. It is stated that plaintiffs' petition together with exhibits attached show that plaintiffs seek trial of title to respective offices of member of the board of education of Independent School District No. 20; and that plaintiffs' cause of action is prosecuted for the purpose of procuring an adjudication that plaintiffs, Martin, Cales and Townley, are members of said board instead of the defendants; that said petition and exhibits show that said cause of action is attempted to be instituted and prosecuted at the direction and expense of the said school district instead of under the direction and at the expense of the said plaintiffs, claimants to the office of board member. In the motion request is made that the court take notice of its files and records in district court Case No. 19326, being entitled, The State of Oklahoma, Plaintiff, v. Mrs. Curtis Thompson, President, J. W. Wells, Clerk, Roy Ray, Member, and Jess Weber, Member. All members of the Board of Education of Independent School District No. 20, Osage county, Oklahoma, defendants.

Attached to the motion were exhibits purportedly copies of court files and records in said case No. 19326.

Judgment was rendered for the dismissal of the plaintiffs' action. Proceedings were as reported in the journal entry of judgment which reads in part as follows:

"All the parties appearing announced that they were ready. The plaintiffs stated that they were present to present their motion for temporary injunction. The defendants stated that they had filed a motion to dismiss and asked the court to consider same before giving consideration to the motion for temporary injunction. The plaintiffs objected to the court considering the motion to dismiss, but asked the court to hear their motion for temporary injunction. The court announced that he would hear the motion to dismiss.

"Said motion to dismiss was presented by argument of attorneys for the defendants and opposing arguments by attorneys for the plaintiff and by reply argument by attorneys for the defendants.

"On the consideration of the petition and its exhibits and the motion to dismiss and on consideration of the records of this court in case No. 13,326, (sic) of which the court takes notice, the court finds that said motion to dismiss should be sustained."

Plaintiffs in appeal from the judgment dismissing the action contend that it was error for the court, without waiver on the part of the plaintiffs, to determine the merits of the action and dismiss it when the cause was set for hearing on plaintiffs' motion for a

temporary injunction. Other contentions are presented and argued in attack upon the judgment. Argument is presented with the assumption that plaintiffs in pleading had shown a right of action and right to relief.

Plaintiffs' petition is epitomized in the allegations thereof that plaintiffs are the persons constituting the board of education of Independent School District No. 20, presently with power and authority to act as such board, and that defendants are claiming right and authority to act as such official board and are so acting in relation to the school district's property and affairs as to interfere with the plaintiffs in the performance of their duties as the district board, and that defendants will continue to interfere with plaintiffs in their administration as the lawful board of education unless defendants be restrained and enjoined by order and judgment of the court.

In exhibits attached to and made a part of the petition, the plaintiffs show the method and manner by which certain of the plaintiffs allegedly became members of the board. A review of the whole petition, including the exhibits, reflects the following:

Exhibit A reports the minutes of a meeting held May 28, 1951, and attended by Mrs. J. H. Bowen, Mrs. Curtis Thompson, Roy Ray and Walter Wells, members of the board of education of the school district. In the meeting Roy Ray tendered his resignation as a member of the board. Acceptance of his resignation and the election or appointment of the plaintiff Martin as a member was voted by Bowen, Thompson and Wells.

Exhibit B shows a meeting held June 4, 1951, attended by members, Bowen, Thompson and Wells, and the plaintiff Martin. At the meeting Mrs. Thompson tendered her resignation as a member. An acceptance of the resignation and the appointment of the plaintiff Cales as a member was voted by members,

Bowen and Wells, and the plaintiff Martin.

Exhibit C shows a meeting held June 8, 1951, attended by members, Bowen and Wells, and the plaintiffs Martin and Cales. At the meeting Wells tendered his resignation as a member. An acceptance of the resignation was voted by member Bowen, and the plaintiffs Martin and Cales.

Exhibit D shows a meeting held June 13, 1951, attended by member Bowen, and the plaintiffs, Martin and Cales. An appointment of the plaintiff Townley as a member was voted by member Bowen, and the plaintiffs Martin and Cales.

Other exhibits show constitutional and statutory forms of oaths of office, subscribed to by the plaintiffs Martin and Cales, respectively, and dated June 13, 1951. Like instruments are shown as subscribed to by plaintiff Townley, under date of June 15, 1951.

70 O. S. Supp. 1949 §4-8 (repealed 1951, and similar enactment effective July 1, 1951, see, 70 O. S. 1951 §4-7) provides:

"The board of education of an independent school district in which there is no city shall consist of five (5) members elected by the school district electors of the district at large. Each member shall be elected for a term of five (5) years and until his successor is duly elected or appointed and has qualified. . . ."

70 O. S. 1951 §4-14 provides:

"Any vacancy occurring on the board of education of an independent school district shall be filled by the board of education of such district for the unexpired term."

51 O. S. 1951 §8 provides:

"Every office shall become vacant on the happening of either of the following events before the expiration of the term of such office:

"First: The death of the incumbent or his resignation. . . .

"The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy."

70 O. S. 1951 §4-13 provides:

"A position on the board of education of any school district shall automatically become vacant upon the failure of a person who has been elected or appointed thereto to qualify within thirty (30) days after his election or appointment."

In 70 O. S. 1951 §4-22 it is provided that the board of education of each school district shall have certain powers including the exercise of control over the schools and property of the district.

The provision, section 4-14, supra, that any vacancy on the board of education shall be filled by the board of education, undoubtedly means that the vacancy shall be filled by the board as constituted after the occurrence of any vacancy, or by the remaining members of the board after any vacancy or vacancies have occurred.

The provisions of section 8, supra, as applies to the office of member of such board of education undoubtedly means that when an office of member becomes vacant by resignation or for any of the reasons mentioned in the statute, that the fact by reason whereof the vacancy arises shall be determined by the board as constituted with occurrence of the vacancy.

According to plaintiffs' petition, the plaintiff Bowen became a duly elected and qualified member of the board of education of the school district here involved in March, 1951, and has not resigned therefrom. According to the petition, after a member of the board had resigned, the majority of the remaining members of the board voted to appoint the plaintiff Martin to the vacancy; thereafter, and after another member of the board had resigned, the majority of the remaining members of the board voted to appoint the plaintiff Cales, and thereafter, and after another member of the board had resigned, and after Martin and Cales had subscribed to oaths of office, the plaintiff Townley was voted appointment to the board by the plaintiffs Bowen, Martin, and Cales. The plaintiffs Martin, Cales and Townley each subscribed to oaths of office within 30 days of their alleged appointments.

Under the statutes, supra, and the facts in pleading, the plaintiffs appear to be de jure members of the board of education. Together in their capacity as members of the board they constitute the board or at the least a majority of the board. So constituted, they are charged with the duty and power of exercising control over the schools, records and property of the district. Plaintiffs plead an interference and a continuing interference by defendants with their performance and exercise of such duties and powers.

We find that in petition a right of action and a cause of action is shown by the plaintiffs.

In a consideration of the defendants' motion as to specific averments that plaintiffs' action is not maintained and prosecuted in the name of the real parties in interest, and that the gravamen of the action is the trial of title to respective offices of members of the board, it must be noticed that plaintiffs in petition assert collective rights or rights as a board and seek relief on that basis. Although in petition the plaintiffs assert that each is a member of the board, they assert no invasion of the rights of a particular plaintiff in the capacity of an individual member, nor is relief sought in behalf of any individual plaintiff. According to the petition of the plaintiffs the defendants are but claimants of right to act as the board and are unlawfully exercising control over the school and property of the district. According to the petition the action is one to perserve the integrity of the board as constituted by the lawfully elected and appointed members, and to enforce the right of said board to exercise control

and management over the school and property of the district. According to the petition the plaintiffs are the lawfully elected and appointed members as constitute the board. That the action might have been prosecuted in the name of the district, as a legal entity, by plaintiffs as relators, or is prosecuted in the name of the plaintiffs as members of the district board, does not appear material. If it be said that the district in its corporate status has such an interest in the prevention of control of its property by unauthorized persons as would authorize action in its name, nonetheless, the duly constituted board charged with the duty of administering the affairs of the district could be parties in interest.

The plaintiffs allege that each, respectively, is a duly elected or a duly appointed, qualified, and acting member of the board as an incident to their asserted right as a board to have injunctive relief. According to the petition the object and purpose of the action is injunctive relief, or to restrain and enjoin the defendants from certain acts and conduct in interference with the plaintiffs as a board. Questions of whether plaintiffs had, respectively, been legally elected or legally appointed and legally made members of the board, become direct issues in the case only if the defendants in the action make a denial of the respective claims of plaintiffs to office of board member. Upon such denial, as relates to the questions of title to office, it would appear that the plaintiffs as individuals might be said to be the real parties in interest, but, nonetheless, the plaintiffs as members of the board are the real parties in interest in the pursuit of the equitable remedy sought in the action.

We do not perceive that the defendants in pleading may so affect the nature of the action as to defeat the right of the plaintiffs to maintain the action in their names as members of the board, or that with the appearance of questions of title to office as a direct

issue that plaintiffs must abandon suit for injunction and may not proceed except as individuals in suit in the nature of quo warranto.

It is well settled that in this jurisdiction questions of legal cognizance and questions of equitable cognizance may be determined in one action, or that legal and equitable remedies may be sought in the same action. Bynum v. Strain, 95 Okla. 45, 218 P. 883; Wentz v. Thomas, 159 Okla. 124, 15 P. 2d 65. In the Bynum case, in the syllabus, said the court:

"Under our Code procedure and system of Code pleading, the court is endowed with the dual powers of a court of equity and a court of law and redress for every remediable wrong may be had by a civil action upon the facts stated in a pleading called a petition."

"Where a pleading is indorsed a 'petition' as the statute provides, and contains a statement of facts as the statute requires, which show on their face and from their nature that plaintiff has wrongfully sustained a detriment, a wrong for which the law or equity provides redress, then from the nature of the facts stated, the court, vested as it is with the dual powers of a chancellor and a court of law, will determine and grant the proper relief."

The motion filed by the defendants contains no direct allegations in denial of the plaintiffs' assertions of title to the offices of board member, or in claims of the defendants to said offices, or in challenge of the merits of the plaintiffs' action. However, such a challenge to the merits of the action appears to have been the intendment of the defendants in their pleading of the exhibits and the request that the trial court take notice of the files and records in the district court case No. 19326.

It seems apparent from the journal entry of the judgment for dismissal of the plaintiffs' action that the trial court treated the defendants' pleading as containing averments of facts in proper

judicial notice such as concluded the plaintiffs, except the plaintiff Mrs. Bowen, from showing membership on the board and as precluded the plaintiffs from the relief sought in their petition.

According to the exhibits attached to the defendants' motion herein, the following events occurred in said case No. 19326. An accusation and petition for ouster from offices of member of the school board was filed against Mrs. Curtis Thompson, J. W. Wells, Roy Ray and Jess Weber on June 4, 1951. Thereafter the defendants Thompson, Wells and Ray filed their separate answers stating that each had theretofore resigned from the office of board member and were no longer a member of the board. Thereafter, on June 11, 1951, an order was entered by the district court for the suspension of these said defendants from office of board members, and on July 10, 1951, the said court entered an order of appointment of certain persons, including the defendants herein, to office of board member to serve during pendency and until final determination of the action for ouster of the said defendants.

According to the exhibits as reflect the content of the order of suspension in case No. 19326, there was evidence presented and an adjudication therefrom that the defendants, Thompson, Wells and Ray, had not resigned from office as board members as of the date of said order of June 11, 1951.

Essential to the plaintiff, maintaining the cause of action herein as stated in petition is establishment of facts as show in law that the said Thompson, Wells and Ray did resign from office of board member prior to the appointment of the plaintiffs to said office.

It apparently was the view of the trial court herein that such material facts or questions were judicially determined and conclusively settled by the judgment rendered in case No. 19326 and that such facts or questions may not be presented or litigated in the instant action; that plaintiffs are precluded from presenting or relitigating such facts or issues under the principles of res judicata.

It does not appear that herein the record and judgment in case No. 19326, or that a copy thereof, was offered in evidence. Treating the defendants' exhibits as the equivalent of an offer of such record and judgment in evidence herein, we find no basis for holding that the proceedings in case No. 19326 are of any legal effect in the instant action. Treating the defendants' motion with exhibits attached as raising a question of res judicata and that plaintiffs' pleading on its face presents facts the subject of the prior adjudication, it does not appear that defendants are entitled to have judgment rendered on the pleadings or to dismiss the action. The doctrine of res judicata which precludes the relitigation of particular facts or issues involved in an earlier action has application only between parties, and persons in privity with parties, to the earlier action. The plaintiffs herein were not parties to the action in case No. 19326, nor does it appear that they were in privity with any of the parties therein. They were without interest and right to participate in said prior litigation. The mere fact that they happen to be interested in a particular question, or in proving a state of facts as may have been presented in that case and was a subject of judicial precedent therein, does not establish that they were in privity with any of the parties in that action.

Herein we find that plaintiffs have in proper pleading stated a cause of action and that the defendants' motion to dismiss the action is without merit.

The judgment of the trial court is reversed, with directions that further proceedings be not inconsistent with the views herein expressed.

HALLEY, V.C.J., and CORN, JOHNSON, and O'NEAL, JJ., concur. GIBSON and DAVISON, JJ., dissent. BINGAMAN, J., concurs specially.

BINGAMAN, J. (concurring specially). I concur in the reversal of this case for a trial on the merits, for the reason stated in the majority opinion that the petition states facts sufficient to constitute a cause of action to try title of the parties to the school board offices.

It appears the trial court sustained the motion to dismiss on the theory the action was brought by the plaintiffs in some sort of representative capacity for the benefit of the school district and was therefore not brought in the name of the real party in interest. The first sentence of the majority opinion recognizes that the action is being maintained by the plaintiffs in their individual capacity. Later, in the announced opinion, the language used might give rise to the inference that the suit was being maintained by the plaintiffs in a representative capacity as members of the board of education of the school district. Under the provisions of 70 O. S. 1951 §4-5, every school district is a body corporate and may sue and be sued in such capacity under the particular name and number of the district, which in the case at bar would be "Independent School District No. 20, of Osage County, Oklahoma." If the suit is by the district or for the benefit of the district it should be brought in that manner. No authorities are cited, showing any power in the individual members of the board of education to bring suit in their representative capacity, either for themselves or for the school district. This court, in Gilles v. Page Estate, 154 Okla. 230, 7 P. 2d 490, in accordance with the general rule announced in 67 C. J. S. p. 1097, held that the statement of representative capacity, following the names of the plaintiffs in the caption, under similiar circumstances, should be treated, as descriptio personae. I think we should clearly hold the action is by plaintiffs in their individual capacity for the guidance of the trial court in the further disposition of the case.

The petition alleges that the plaintiffs are the duly qualified members of the board of education of such school district and as such members are entitled to discharge the functions of such offices, but it also alleges that the defendants have possession of the property belonging to the school district and are claiming to be members of such board of education and are engaged in discharging the functions of such offices. It must be conceded the defendants are acting under alleged appointments and apparently with judicial sanction in a case to which the plaintiffs were not parties. I think, therefore, the opinion should recognize and note the fact that the defendants are occupying the offices and discharging the functions thereof, so that there may be no possibility of confusion in regard to the management of the school finances or affairs, pending the disposition of this case, or thereafter in the event final judgment should be for the plaintiffs, holding that they have title to the offices.

GIBSON, J. (dissenting). I think the judgment of the trial court should be affirmed.

It is apparent from the allegations of the petition that the action is one to try title to the offices of members of the plaintiff school board.

In paragraph numbered six of the petition it is alleged:

"The Defendants, Irvin Brock, George Wilhelm and Vernon Harding have sought, and now are seeking to usurp, intrude into and unlawfully to exercise the powers and authority of the Board of Education of the said school district. They have heretofore forcibly taken possession of the high school building and offices of the district wherein the records of the district are deposited. They have placed a padlock on the doors of said building and have asserted control thereof. They have pretended to hold a meeting and pretended to elect one of their number as President of the Board of Education of said district. They have excluded

from the property of the district the regular employees of the district charged with the care and maintenance thereof. And they have publicly asserted that they are legal members of the Board of Education of said district to the exclusion of all of the plaintiffs other than Mrs. J. H. Bowen. And all of the foregoing is wholly without color or authority of law."

While it is true that the prayer of a petition is no part of it, yet it may be considered in connection with the allegations of the petition in order to determine the nature of the action and the relief sought by it.

The plaintiffs pray:

"1. That this Court adjudge defendants to be wholly without legal right or authority to exercise any of the powers or duties of the Board of Education of Independent School District No. 20, Osage county, Oklahoma, or to participate in any manner in the government, supervision and administration of said district or its property;

"2. That the defendants, and each of them be temporarily enjoined and restrained by order of this Court, during this litigation, (a) from publicly claiming or asserting any authority to act as the Board of Education of Independent School District No. 20, Osage county, Oklahoma, or as members thereof, (b) from excluding, or attempting to exclude, plaintiffs or any person under their authority from any part of the properties of the said district, (c) from exercising, or seeking to exercise any custody or control over any of the property or records of the said district, and (d) from interfering in any manner with the plaintiffs—the lawful Board of Education of said district—in the government, supervision, administration, control or operation of said district; and that, on final hearing, said injunction be made permanent;

"3. That the defendants pay all costs herein; and

"4. That the court makes such further orders as shall be just and necessary to afford complete relief in the premises."

Since the action was in the nature of quo warranto, the plaintiff board of education was not the proper party to maintain the action (12 O. S. 1951 §1533) and the motion to dismiss the action was properly sustained for the title to office cannot be determined by injunction. Hollarn v. Alden, 187 Okla. 35, 100 P. 2d 869.

DAVISON, J., concurs in these views.