Tom ROSE, E. H. Dill, E. L. Linker, T. H. Dill, J. F. Tolliver and Lee Kirkes, Plaintiffs in Error,

v.

INDEPENDENT SCHOOL BOARD NUM-. BER 3, BUFFALO VALLEY, LATIMER COUNTY, Oklahoma, Composed of Tom Coleman, Robert King, Elmer Mangrum, Jack Johnson, and Roy Tate, Defendants in Error.

No. 39366.

Supreme Court of Oklahoma.

Dec. 19, 1961.

Wayne Russell, Wilburton, for plaintiffs in error.

Joe K. Page, Poteau, and Harry Johnson, Oklahoma City, for defendants in error.

BLACKBIRD, Vice Chief Justice.

The parties to this appeal appear in the same order in which they appeared in the district court, and will be referred to by their designations of "plaintiffs" and "defendants" there.

Plaintiffs appeal from the trial court's order and/or judgment sustaining defendants' general demurrer to their petition, and dismissing the action.

The part of plaintiffs' petition purporting to state a cause of action is in words and figures as follows:

" * * * 1. That the above named persons are acting and endeavoring to act as School Board Members of Independent School District Number 3, Buffalo Valley, Latimer County, Oklahoma.

"2. That said Board is not a legal Board and the acts performed by them are not the legal and lawful acts of the School Board for the reason that two of said School Board Members are kinfolk.

"3. That is to say that Robert King is a nephew of Elmer Mangrum and by Title 21, of Section 481 Oklahoma Compiled Statute 1951, and Title 70, Section 101 A, Oklahoma Statute, 1951 specifically prohibits said two persons from acting in that capacity.

"4. Plaintiffs further show that Tom Coleman, Roy Tate, and Jack Johnson can not act with said other two Board Members for the reason that it is specifically forbidden by law for kinfolk to be on said School Board.

"5. Plaintiffs further state that this is a matter of public concern and that they have no legal relief or no action which they can bring at law to protect their rights; that they are tax-payers and citizens of said school district and vitally interested in the welfare of the school district.

"6. That said persons having called a meeting and will act on school board matters pertaining to said school district on the evening of Wednesday June 20, 1960, and that unless this Court issue and serve a temporary order said parties will act in said capacity; that said Plaintiffs have no other relief or legal action and ask this Court to grant said Restraining Order forth-with; that unless said Restraining Order is issued forthwith the School District, Tax-payers, plaintiffs, and the persons residing in said School District will be done irreparable damage herein. * * *."

In their brief's "Statement of Case", plaintiffs say that the above-mentioned Elmer Mangrum is the uncle of the above-mentioned Robert King, who is married to the niece by blood of the said Elmer Mangrum's wife. Plaintiffs appear to be of the opinion that the only question before the court is whether or not the two school board members, Mangrum and King, are related to a degree, which by the provisions of Tit. 70 O.S.1961 § 4-15, are prohibited " * * * from serving simultaneously on the same board of education * * *".

Defendants contend, however, among other things, in substance, that the court was without authority to grant the relief plainiffs sought, because their petition asked for determination of King's and Mangrum's right to continue in office as school board members, and, in effect, challenged their title to their offices on the board; and that injunctive relief is not a proper remedy for such determination. In support of this argument, they cite the case of Hollarn v. Alden, 187 Okl. 35, 100 P.2d 869, in which this court held:

"Injunction is not the proper remedy to determine the title to an office; and an application to enjoin officers from the performance of the functions of office is properly denied, where it may be inferred from the petition that the officers are de facto officers, claiming to be de jure officers, since the public interest requires the continuance of the functions of said office."

The quoted case is in accord with the general rule (see 18 Am.Jur., "Elections", sec. 272, Note 2, and 47 Am.Jur., "Schools", sec. 37, Note 20, citing School Dist. No. 116 etc. v. Wolf, 78 Kan. 805, 98 P. 237, 239, 20 L.R.A.,N.S., 358); and we think it is controlling here. We therefore hold that the district court committed no error in its

judgment sustaining defendants' demurrer, and dismissing the action.

Affirmed.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.