**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFF H. KINSLOW,

      Plaintiff - Appellant,

v.

DENNIS RATZLAFF, individually;
RONDELL SERATTE, individually;
STATE OF OKLAHOMA, *ex rel.*
Oklahoma Highway Patrol; and CITY
OF COMANCHE, OKLAHOMA,

      Defendants - Appellees.

No. 98-6055

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 97-CV-62)**

---

**Submitted on the briefs:**

Brian M. Dell, P.C., Oklahoma City, Oklahoma, for Plaintiff-Appellant.

David W. Kirk of Carter & Kirk, P.C., Oklahoma City, Oklahoma, for Defendant-Appellees Rondell Seratte and City of Comanche, Oklahoma.

Cara Epps Clifton, Legal Division, Department of Public Safety, Oklahoma City, Oklahoma, for Defendants-Appellees Dennis Ratzlaff and the Oklahoma Highway Patrol.

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

_____

**McKAY**, Circuit Judge.

_____

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

After an Oklahoma state court dismissed a criminal proceeding against Plaintiff that involved charges of reckless driving, operating an overweight vehicle, and listening to police broadcasts, Plaintiff filed a 42 U.S.C. § 1983 action against Defendants in which he alleged various civil rights violations including false arrest and unlawful search and seizure and pendent state claims based on malicious prosecution and the Oklahoma Tort Claims Act. The district court granted summary judgment to Defendants and dismissed the action. Plaintiff appeals. We review a grant of summary judgment *de novo*, applying the same legal standard used by the district court pursuant to Federal Rule of Civil Procedure 56(c). See Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995).

Plaintiff contends that the district court erroneously granted Defendants

-2-

qualified immunity because it was precluded from reexamining the legality of the search and seizure of his truck and his arrest by a prior state court determination which found no probable cause to prosecute.  See Appellant's App. at 332, 334. A party's ability to relitigate an issue decided in a prior state court determination depends on the law of the state in which the earlier litigation occurred.  See 28 U.S.C. § 1738; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); Allen v. McCurry, 449 U.S. 90, 96 (1980); cf. Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation, 975 F.2d 683, 687 (10th Cir. 1992) (applying federal law of collateral estoppel because "examining a question of federal law upon which another federal court, namely the Supreme Court, has previously ruled"), cert. denied, 507 U.S. 1042 (1993).[1]  Under Oklahoma law, "once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate the issue in a suit brought upon a different claim."  Fent v. Oklahoma Natural Gas Co., 898 P.2d 126, 133 (Okla. 1994); see McCurry, 449 U.S. at 94-95.  Preclusion operates to bar a person's litigation of an issue only if that person was afforded a "full and fair opportunity" to litigate the critical issue in the prior action.  Fent, 898 P.2d at 133; see also

---

[1]We note that the requirements for collateral estoppel under federal law appear to be substantially the same as under Oklahoma law.  Compare Murdock, 975 F.2d at 687, with Fent v. Oklahoma Natural Gas Co., 898 P.2d 126, 133-34 (Okla. 1994), and Adamson v. Dayton Hudson Corp., 774 P.2d 478, 480 (Okla. Ct. App. 1989).

Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 328, 332-33 (1979) (indicating that "'the requirement of determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate'" applies to offensive collateral estoppel) (citation omitted); Hubbert v. City of Moore, 923 F.2d 769, 772-73 (10th Cir. 1991) (holding that a prior finding of probable cause against a criminal defendant in her criminal prosecution is binding on that individual in subsequent civil rights claims against the arresting officers because she had full and fair opportunity to litigate claim).

In order for issue preclusion to apply to this case, Defendants, Officers Ratzlaff and Serrate, who were the arresting officers in Plaintiff's criminal proceeding, must have been parties to that criminal proceeding or in privity with the parties in that action. See Hildebrand v. Gray, 866 P.2d 447, 450-51 (Okla. Ct. App. 1993). Clearly, the officers were not parties to Plaintiff's criminal proceeding. Plaintiff's opponent was the State of Oklahoma. Officers Ratzlaff and Seratte had no control over the prosecution of the criminal case and their role "at the [preliminary] hearing was simply that of a witness for the prosecution." Duncan v. Clements, 744 F.2d 48, 52 (8th Cir. 1984). The officers "could not call witnesses, . . . direct the examination of the State's witnesses, . . . [or] choose the counsel who represented the State at the suppression hearing. Nor could the officers appeal the ruling once it was made." Harris v. Jones, 471 N.W.2d 818,

820 (Iowa 1991); accord Duncan, 744 F.2d at 52-53; Jackson v. Ramundo, No. 95 Civ. 5832, 1997 WL 678167, at *4 (S.D.N.Y. Oct. 30, 1997) (stating that collateral estoppel did not apply to section 1983 action because officer was not party or privy to criminal case); Trujillo v. Simer, 934 F. Supp. 1217, 1224 (D. Colo. 1996) (holding that collateral estoppel was inapplicable because customs officers were not parties to the criminal case and were not in privity with the party); Griffin v. Strong, 739 F. Supp. 1496, 1502-03 (D. Utah 1990) (determining that officer was not a party to or in privity with the state in plaintiff's criminal case); Brown v. City of New York, 458 N.E.2d 1250, 1251 (N.Y. 1983) (holding that determination in criminal case on unlawfulness of plaintiff's arrest does not bar city from contesting the unlawfulness of arrest in subsequent civil action).

Although Oklahoma courts have not addressed the precise problem that confronts us, we also believe that, under Oklahoma's definition of privity,[2] the officers were not in privity with the State of Oklahoma. The officers are being

---

[2]Oklahoma law requires that, "[i]n order for the 'privity' rule to apply, the party in privity must actually have the same interest, character, or capacity as the party against whom the prior judgment was rendered." Hildebrand, 866 P.2d at 450-51. "[T]he scope of who qualify [sic] as 'privies' varies according to the circumstances of the particular case . . . and [generally] . . . such privity involves a person so identified in interest with another that he represents the same legal right." Id. at 451; see also Greco v. Foster, 268 P.2d 215, 220 (Okla. 1954) (stating that privity means a mutual or successive relationship to the same rights or property of the party).

sued in their individual capacity[3] in this action and their personal interests, which were not at stake in the criminal proceeding, differ from Oklahoma's interests. See Hildebrand, 866 P.2d at 450-51; see also Tierney v. Davidson, 133 F.3d 189, 195 (2d Cir. 1998) (applying Vermont law to hold that officers were not parties or privies to earlier action); 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4458, at 508 (1981) ("[A] judgment against a government does not bind its officials in subsequent litigation that asserts a personal liability against the officials."). "The mere fact that [the officers] happen[ed] to be interested in a particular question, or in proving a state of facts as may have been presented in [the prior action,] . . . does not establish that they were in privity with any of the parties in that action." Bowen v. Brock, 244 P.2d 546, 552 (Okla. 1952); see Duncan 744 F.2d at 52. Because the officers were neither parties nor privies to the prior state court determination and, therefore, did not have a full and fair opportunity to litigate in state court the constitutionality of the issues in this section 1983 action,[4] the doctrine of issue

---

[3]While a government official sued in his official capacity may be in privity with the government, see, e.g., Tait v. Western Md. Ry. Co., 289 U.S. 620, 627 (1933), we are aware of no case in which a person, sued individually, has been precluded from litigating an issue because of a ruling adverse to the state in a prior criminal prosecution.

[4]Although the party/privy element and full and fair opportunity element are two separate requirements for issue preclusion, they are closely related. Generally, when one is not a party or privy to the earlier proceeding, one has not

(continued...)

preclusion does not apply to this case. Thus, "we need not decide whether the other elements of collateral estoppel are met." Orjias v. Stevenson, 31 F.3d 995, 1010 (10th Cir. 1994). We therefore conclude that the district court did not err in granting Defendants qualified immunity from suit based on counts 1, 2, and 3 of Plaintiff's amended complaint.[5]

AFFIRMED.

_____

[4](...continued)
had a full and fair opportunity to litigate an issue. See Tierney, 133 F.3d at 196 ("[T]he Officers did not have a full and fair opportunity to litigate in the state court because they were not parties to that action . . . ."); Kraushaar v. Flanigan, 45 F.3d 1040, 1050-51 (7th Cir. 1995) (holding that dismissal of criminal charges against plaintiff for lack of probable cause did not preclude relitigation of probable cause issue by defendant police officials in wrongful arrest action); Duncan, 744 F.2d at 52 (holding defendant officer was not bound by prior determination because he was not party to prosecution or in privity with prosecutor); Davis v. Eide, 439 F.2d 1077, 1078 (9th Cir.) (adverse rulings in criminal action did not preclude defendant police officers from litigating lawfulness of search in civil action), cert. denied, 404 U.S. 843 (1971); Griffin, 739 F. Supp. at 1503 & n.6 (holding that collateral estoppel does not apply because detective's interests were not adequately protected or represented in prior criminal adjudication brought by the state); see also Willner v. Budig, 848 F.2d 1032, 1034 n.2 (10th Cir. 1988) (finding elements of res judicata not satisfied because officials sued in individual capacity were not in privity with the university).

[5] We also affirm the district court's summary judgment on all the other issues raised by Plaintiff. The court correctly dismissed Plaintiff's two pendent state claims based on malicious prosecution and the Oklahoma Tort Claims Act in its Order filed January 9, 1998.