**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM SCOTT SOURS,

      Plaintiff-Appellant,

v.

BEN LORING, Ottawa County District
Attorney, in his individual and official
capacities; DOUGLAS S. PEWITT,
Ottawa County Assistant District
Attorney; BILL CULVER, Ottawa
County Assistant District Attorney;
JACK HARKINS, Ottawa County
Sheriff, in his official and individual
capacities; JOHN DANIELS, Ottawa
County Deputy Sheriff; SEAN
CORBIT, Ottawa County Deputy
Sheriff; OTTAWA COUNTY BOARD
OF COUNTY COMMISSIONERS,

      Defendants-Appellees.

No. 00-5064
(D.C. No. 97-CV-581-BU)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK, ANDERSON,** and **HENRY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff William Scott Sours, proceeding pro se, appeals the district court's order granting summary judgment to defendants in this case brought pursuant to 42 U.S.C. § 1983. We affirm.

The facts underlying plaintiff's case arose in 1996 when Ottawa County, Oklahoma, Sheriff's officers went to a residence to apprehend three suspects on Kansas arrest warrants. Two of the suspects were taken into custody. The third was not there, but the two apprehended indicated he would be returning shortly. While the officers were waiting, Sours and a passenger drove slowly by the residence in a vehicle with out-of-state tags. Upon driving past the residence, the passenger crouched down in the seat. The vehicle then accelerated out of the neighborhood. Defendant officers, Daniels and Corbit, followed the vehicle in an attempt to read the tag. They stopped Sours on the highway after having to break the speed limit in order to catch up to him. Sours was unable to produce a driver's license. After running a license check, Daniels determined that Sours' license had expired and the passenger's was suspended. Sours was issued a citation for driving without a valid driver's license, but was not arrested. The

officers informed Sours and his passenger that they were free to leave, but that they were impounding the car because Sours had no current license, the tag did not match the vehicle, and Sours had stated that the vehicle was not his.

During an inventory search at the scene, Daniels discovered a gun, stolen property, and a controlled substance, later identified as methamphetamine. Sours and the passenger could not be located. Sours was arrested eight days later on charges arising out of Missouri. Later he was charged in connection with this incident for possession of a firearm, stolen property, and a controlled substance, all after former conviction of a felony. The court later quashed the information for lack of probable cause. [1]

Sours then commenced this action in which he alleged that defendants Daniels and Corbit had performed an illegal stop, search, and seizure; that defendant Loring, the District Attorney, had filed false charges against him without probable cause; and that defendants Loring, Pewitt, Culver, and the Board had falsely imprisoned and maliciously prosecuted him. He also alleged that defendants had conspired to invent probable cause.

---

[1] The court stated only that the motion to quash would "be sustained for lack of probable cause." R. tab 63, ex. Y. As noted by the magistrate judge, in his report and recommendation, this brief order left it "unclear whether the judge found that defendants lacked probable cause for the stop, the detention, the search, the arrest, the prosecution, or all of the above." Id. tab. 68 at 5.

-3-

The district court granted defendants' motion for summary judgment and Sours appeals. On appeal, Sours argues that the district court erred in taking the Martinez report[2] submitted by defendants as fact and ignoring evidence he submitted which was in direct conflict with the report. He also contends that the district court should not have granted defendants qualified immunity as the law is clear that defendants' actions violated his constitutional rights and that they filed false or malicious charges against him.

We review the district court's ruling on a summary judgment motion "de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995).

Initially we note that the fact that the state court quashed the information does not automatically mean that defendants committed an error which would subject them to liability in a later § 1983 suit. See Kinslow v. Ratzlaff, 158 F.3d 1104, 1105-06 & 1106 n.4 (10th Cir. 1998). The issue in a § 1983 case is whether a reasonable officer could have concluded that there was probable cause to stop the vehicle, see, e.g., McFarland v. Childers, 212 F.3d 1178, 1186 (10th Cir. 2000), an issue not before the state court in Sours' criminal case.

_____

[2] Martinez v. Aaron, 570 F.2d 317, 319-20 (10th Cir. 1978).

-4-

Sours contends that he presented evidence that directly conflicted with the Martinez report. He maintains that the initial stop was illegal as the officers had no reasonable suspicion to justify an investigative stop and that they testified to that fact. The record shows that Officer Daniels testified that he stopped the vehicle for speeding. See R. tab 62, ex. B at 35, 36. At the time of the stop, Officer Daniels intended only to give a verbal warning. Id. at 37. The fact that he later issued Sours a ticket for driving without a valid driver's license does not conflict with his testimony that he originally stopped the vehicle for speeding. Sours notes that Officer Daniels stated that he had no reason to stop Sours as Sours had not committed any obvious traffic violation. Officer Daniels, however, stated twice that he stopped the vehicle for speeding. See id. at 35, 36. For purposes of this § 1983 suit, a reasonable officer could have concluded that probable cause was present to stop the vehicle.

Sours also contends the grant of qualified immunity was wrong as the law is clear that defendants' actions violated his constitutional rights and that they filed false or malicious charges against him. We have reviewed the record and the parties' briefs on appeal. The magistrate judge properly examined the issues and ruled correctly.

The judgment of the United States District Court for the Northern District of Oklahoma is, therefore, AFFIRMED for substantially the reasons stated in the magistrate judge's report and recommendation as adopted by the district court in its order of March 24, 2000.    The mandate shall issue forthwith.

Entered for the Court


Stephen H. Anderson
Circuit Judge