FILED
United States Court of Appeals
Tenth Circuit

October 24, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LILLIAN BARTON,

      Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER;
R. BLEA, Officer, Badge No. 99006;
N. SAGAN, Officer, Badge No.
96-021; JOSH VASCONCELLOS,

      Defendants-Appellees,

   and

JOHN HICKENLOOPER, Mayor, in
his official capacity; WELLINGTON
WEBB, as former Mayor, in his
official capacity; GERALD R.
WHITMAN, Chief of Police, City and
County of Denver, in his official
capacity only; J. WALLACE
WORTHAM, JR., former Denver City
Attorney, in his official capacity only;
CHRIS RAMSEY, former Denver
Deputy City Attorney, in his official
capacity only; RUDY SANDOVAL,

      Defendants.

No. 06-1536
(D.C. Nos. 03-cv-2633-PSF-PAC &
04-cv-319-PSF-PAC)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

(continued...)

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge and **TYMKOVICH**, Circuit Judge.

Lillian Barton was arrested by Denver, Colorado, police officers Richard Blea, Nicholas Sagan, and Joshua Vasconcellos (the "officers") for interfering with police authority. When the charge was later dismissed by the state court, she initiated this action under 42 U.S.C. § 1983 against the officers, the City and County of Denver (the "City"), and several city officials. A number of her claims were dismissed on summary judgment, and a jury returned a verdict in favor of the officers on those that remained. Ms. Barton appeals pro se. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I.**

We paraphrase Ms. Barton's seven appellate contentions as follows: (1) the defendants were bound by claim and issue preclusion from litigating whether they had probable cause to arrest her because the criminal charge had been dismissed for lack of probable cause; (2) the Double Jeopardy Clause barred relitigation of the issues resolved in her criminal case; (3) she was denied due process when her

[*](...continued)
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

trial lawyer refused to question a witness's identity; (4) the district court erred in allowing her to be cross-examined with her uncorrected deposition testimony; (5) the district court deviated from its proper procedure in considering the magistrate judge's report and recommendation; (6) the district court abused its discretion by forcing her to show cause why she should not be sanctioned for filing excessive pro se motions; and (7) the district court exceeded its jurisdiction by relitigating the earlier criminal case.

## II.

Ms. Barton's first, second, and seventh contentions all claim, in essence, that the federal court was bound by the state court's decision dismissing the criminal charge against her. All these contentions fail. Claim and issue preclusion are not available to Ms. Barton "because there is no privity between the prosecution in the criminal case and the officer" sued under § 1983. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1252 n.2 (10th Cir. 2007) (applying Colorado law); *Morgan v. Gertz*, 166 F.3d 1307, 1309 (10th Cir. 1999) (same); *see also McFarland v. Childers*, 212 F.3d 1178, 1185-86 (10th Cir. 2000) (applying Oklahoma law); *Kinslow v. Ratzlaff*, 158 F.3d 1104, 1106-07 (10th Cir. 1998) (same). The Double Jeopardy Clause contention lacks merit because the Clause protects only against a second criminal prosecution, not a civil proceeding. *See Hudson v. United States*, 522 U.S. 93, 99 (1997). And we can conceive of no support for Ms. Barton's seventh contention, that the federal court exceeded its

jurisdiction. Ms. Barton argues that the state-court decision controls this case through the doctrine of stare decisis. But the stare decisis effect of a state-court decision interpreting federal law is limited to the courts of that state; that doctrine cannot bind a federal court to follow a state court's interpretation of federal law, which is the issue in a § 1983 proceeding, *see Martin v. Duffie*, 463 F.2d 464, 467-68 (10th Cir. 1972).

As for Ms. Barton's third contention, that her lawyer's errors violated her rights "to a fair trial and to confront witnesses under the Sixth Amendment," Aplt. Br. at 36, she is "confus[ing] this civil case with a Sixth Amendment based claim for the re-trial of a criminal case." *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988) (internal quotation marks omitted). "The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'" *Austin v. United States*, 509 U.S. 602, 608 (1993).

Ms. Barton's fourth contention is that the district court should not have allowed her to be impeached with her uncorrected deposition testimony. But it is impossible for us to determine whether any error occurred, or whether an error was prejudicial, because her briefs do not point to specific testimony that was improperly affected by use of an uncorrected deposition. We therefore cannot grant relief based on this contention. *See Marino v. Otis Eng'g Corp.*, 839 F.2d 1404, 1410-11 (10th Cir. 1988) (refusing to grant relief in the absence of clear prejudicial error).

Next, Ms. Barton contends that the district court deviated from its proper procedure in granting partial summary judgment for the defendants. Although it is difficult to discern her precise contention, she seems to attack the magistrate judge's authority to issue a report and recommendation on the defendants' motion for partial summary judgment, as well as the district judge's authority to adopt or reject it.

This contention is meritless. Under 28 U.S.C. § 636(b)(1)(B), a magistrate judge is authorized to recommend to a district judge a proposed disposition on a motion for summary judgment. "Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." *Id.*, § 636(b)(1). Then, the district judge, after reviewing de novo those portions of the magistrate judge's report and recommendation to which objection has been made, is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Here, the district judge referred the defendants' motion for partial summary judgment to the magistrate judge for her recommendation on a proposed disposition. The magistrate judge issued a report, recommending that the motion be granted in substantial part and denied in part. Ms. Barton filed objections to this recommendation, and the district judge considered but overruled those objections. After conducting a de novo review, the district judge concluded that

the magistrate judge's report ought to be adopted in part and rejected in part. The magistrate and district judges operated in accord with their statutory authority.

Finally, Ms. Barton contends that the district court abused its discretion in striking a pro se pleading filed by her after counsel had entered an appearance on her behalf and ordering her to show cause why her case should not be dismissed as a sanction for filing excessive pro se motions while represented by counsel. But she has failed to point to any prejudice that she suffered as a result of this order. (The court did not dismiss her case as a sanction.) Therefore, we need not address the propriety of the court's order. *See United States v. Garot*, 801 F.2d 1241, 1250 (10th Cir. 1986).

The judgment of the district court is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge